KINGORY *et al. v.* UNITED STATES.

(*Circuit Court, W. D. Louisiana.* January 5, 1891.)

**1.** REVIEW ON APPEAL—EVIDENCE NOT PRESERVED IN RECORD—INSTRUCTIONS.
Where no evidence is preserved in the bill of exceptions, an instruction directing a verdict for the plaintiff will not be questioned on appeal.

**2.** SAME—ERROR NOT COMPLAINED OF.
Where a defendant brings error, and the plaintiff does not complain of the judgment, though it is for less than he is entitled to, the error cannot be corrected in the circuit court.

**3.** WITNESS—USE OF MEMORANDUM.
A witness may, when testifying, refresh his recollection by the use of a memorandum made by himself.

At Law. Error to district court.

*J. L. Bradford,* for plaintiff in error.

*M. C. Elstner,* U. S. Atty., for the United States.

PARDEE, J. The United States sued Joseph J. Kingory and Perkins & Miller *in solido* for the conversion of a lot of trees or timber cut off of the public lands by trespassers. The defendants appeared and filed a general denial, and pleaded the prescription for one year. On the trial of the case the jury found the following verdict:

"We, the jury, find as special facts that the defendants are liable for one hundred and fifty logs, averaging two hundred and fifty feet each, the lumber thereof being worth at the mills at Lake Charles, where the defendants purchased them, six dollars ($6) per thousand, and the trees standing on land being worth fifty cents each; that defendants are liable *in solido* to the plaintiff: that defendants did not know that the trees were cut by trespassers on the government land."

Upon this verdict a judgment was rendered against Joseph J. Kingory and the firm of Perkins & Miller, composed of Allen J. Perkins and C. H. Miller, jointly and severally in the sum of $150, with legal interest from December 11, 1885, until paid, and all costs of suit. From this judgment the defendants in the court below prosecute this writ of error.

There is no assignment of errors in the record, but in the argument plaintiffs in error assign errors of court in the admission of evidence and in charging the jury, as shown by the two bills of exception allowed on the trial, to-wit:

"(1) Be it remembered that on the trial of this cause the court charged the jury that the testimony of the witnesses for the government must be taken for true, since the defendants had not offered evidence to contradict it, to which charge defendants excepted; and be it further remembered that the court directed the jury to find a special verdict for the plaintiff against the defendants for one hundred and fifty logs of an average measurement of two hundred and fifty feet per log, of the value of six dollars ($6) per thousand at the mill, or fifty cents per standing trees, to which charge defendants excepted; and defendants tender their bill of exceptions in due time, and ask that same be signed and made of record. The court charged the jury that, the defendant having offered no testimony in his behalf, and the court believing that it fully appears from the evidence given by the plaintiff's witnesses

that the plaintiff had fully made out his case, the jury were authorized and were directed to find for plaintiff. (2) Be it remembered that on the trial of this cause the plaintiff offered the testimony of L. J. Hickman to prove the *locus in quo,* and the said Hickman, being on the stand, proposed to testify from papers which he had in his hands, to which defendants, by counsel, objected, on the grounds that the witnesses must testify from their recollection, and cannot be permitted to testify from memorandum; nevertheless the court overruled the objection, and permitted said witness to testify, and on his examination it appeared from his evidence that he was a special agent of the interior department for the suppression of depredations on the public lands, and that he had made a report to the government, and had memoranda of such report, and that without the aid of said report or memoranda of such report he was unable to testify as to the matters at issue; and to the reception of said testimony defendants object, and their objection was overruled by the court, on the ground that in law there can be no objection to a witness who made and has memoranda in his possession, reciting matters about which he is being questioned, reading the same to refresh his memory in order to be accurate in his testimony about such matters; to which ruling defendants excepted and tender this bill," etc.

It will be noticed that no evidence whatever is recited in the first bill of exceptions. That being the case, it is impossible for this court to say whether or not there was error in the charges given in said bill. The court will not go outside of the bill of exceptions to find the evidence offered in the case. See *U. S.* v. *Wingate,* lately decided by this court in the eastern district of Texas, reported *ante,* 129. The second bill of exceptions recites no error on the part of the court. The rule is universal that a witness may refresh his recollection with his own memoranda. On the verdict as rendered, following the rule of damages in *Wooden-Ware Co. Case,* 106 U. S. 432, 1 Sup. Ct. Rep. 398, the government was entitled to a verdict of $225, while it seems that only a judgment for $150 was rendered. As the United States does not complain, this error cannot be corrected in this court. For the foregoing reasons it is ordered, adjudged, and decreed that the judgment of the district court be, and the same is hereby, affirmed, with costs.