### SHERRY v. NORTH.

No. 11910—Opinion Filed Nov. 20, 1923.

Rehearing Denied Dec. 26, 1923.

**1. Trial—Verdict—General Finding.**

In the submission of issues of fact to a jury a general finding in favor of one of the parties to the action carries with it a finding against the adverse party on every material issue joined in the trial of the cause.

**2. Appeal and Error—Questions of Fact — Verdict.**

In the trial of a cause to the jury, if there is any testimony that reasonably tends to support the verdict of the jury, the judgment will not be reversed on appeal.

**3. Same — Affirmance — Ejectment.**

Record examined, and held to support the verdict of the jury.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Tulsa County; Frank Mathews, Assigned Judge.

Action by Lloyd M. North against Roy S. Sherry for possession of real estate and damages for the unlawful withholding of possession. Judgment for plaintiff. Defendant brings error. Affirmed.

J. M. Springer and E. G. Wilson, for plaintiff in error.

L. E. Roach and W. G. Robertson, for defendant in error

Opinion by STEPHENSON, C. The plaintiff commenced his action in ejectment against the defendant for the posses-

sion of real estate and premises described in petition. The plaintiff alleged that he was the owner of the real estate and premises in question by and through a general warranty deed executed and delivered to him by Arthur Chase and M. F. Chase, husband and wife, bearing date as of January 22, 1917, and duly acknowledged as of the same date. The deed was filed for record on March 29, 1917. The evidence further shows that a Mrs. Osborn was in possession of the property as a tenant of the grantors. There was further testimony to the effect that at the time of the execution and delivery of the deed, the parties went to the home of Mrs. Osborn where she was advised of the sale and that the plaintiff was her landlord. The defendant filed his answer alleging that on March 27, 1917, the Sherry Grocery Company procured a judgment in the justice court against Arthur Chase for the sum of $40, and costs. He further testified that transcript was filed in the district court as of that date and execution issued thereon. The property was sold under the execution and purchased by the defendant at the sale for $66.70. Thereafter, and on May 4, 1917, the sheriff executed and delivered his deed purporting to convey the premises in question to the defendant. It appears that by some agreement or understanding between the defendant and Mrs. Osborn, the latter soon thereafter vacated the premises and delivered possession to the defendant. The plaintiff testified that the vacation and delivery of the premises to the defendant was without his knowledge or consent. In the trial of the cause the jury returned its verdict for the plaintiff for the possession of the premises and for damages for the unlawful detention. The defendant has appealed from the judgment to this court and seeks reversal mainly on the question of the insufficiency of the evidence to support the verdict of the jury. Complaint is also made in relation to certain instructions given by the court to the jury. The question of fact involved in the trial of this cause was whether or not the plaintiff became the owner of the property by the deed of conveyance dated on January 22, 1917, and whether or not the deed was executed and delivered as of the date shown by the instrument. The plaintiff testified that he received the deed as of the date shown by the instrument, and further testified that he paid about the sum of $850 for the property. The plaintiff and his witnesses were cross-examined at considerable length by the counsel for defendant, in relation to the sale and conveyance. There is ample testimony in the record to support the verdict of the jury in favor of the plaintiff. If there

is any testimony that reasonably tends to support the verdict of the jury, the judgment will not be reversed on appeal for insufficiency of the evidence. C., R. I. & P. Ry. Co. v. Gilmore, 52 Okla. 296, 152 Pac. 1096. The court instructed the jury that if it found that the deed in question was executed and delivered to the plaintiff on January 22, 1917, for a valuable consideration, the verdict should be for the plaintiff. The defendant complains that the court should have further instructed that the jury must find that the consideration was adequate, and free and clear from fraud. The finding of the jury was to the effect that the deed was executed and delivered to the plaintiff on the date in question. Therefore, so far as the rights of the defendant are concerned it is wholly immaterial whether the consideration moving from the plaintiff to the grantor was proportionate to the value of the property. The date in question was prior to the time the defendant might have asserted any rights to the property. The jury having found that the deed was executed and delivered on January 22, 1917, if it had further found the consideration was merely $1.00, so far as the rights of the defendant were then concerned, the plaintiff would have been entitled to judgment against the defendant for possession of the property.

We have carefully examined the instruction of the court to the jury, and find that the issues of fact between the parties were fairly submitted to the jury.

It is therefore recommended that this cause be affirmed in all matters.

By the Court: It is so ordered.