### HOWERTON v. JOPLIN SUPPLY CO.

No. 13944—Opinion Filed Dec. 23, 1924.

1. **Evidence—Best and Secondary—Parol Evidence of Account.**

The provisions of section 653, Comp. Stats. 1921, providing that entries in books of account may be admitted in evidence under certain circumstances, is not exclusive, and it is competent for one who has personal knowledge of a transaction to testify in relation thereto, although books of account covering the transaction are kept by the creditor.

2. **Sales—Action for Price—Proof of Delivery by Circumstances.**

In an action for goods sold and delivered, the fact of delivery may be proved by circumstances.

3. **Appeal and Error—Questions of Fact—Conclusiveness of Verdict.**

On an appeal this court will not consider and weigh conflicting evidence; and, where there is evidence reasonably tending to support the verdict of the jury, the same will not be disturbed.

(Syllabus by Dickson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Ottawa County; S. C. Fullerton, Judge.

Action brought by Joplin Supply Company, a corporation, for goods, wares and merchandise sold and delivered, against Gus Howerton. From judgment for plaintiff, defendant has appealed. Affirmed.

McLaury & Hopps, for plaintiff in error.

L. A. Wetzel, for defendant in error.

Opinion by DICKSON, C. The parties will be referred to in this opinion as plaintiff and defendant as they were designated in the trial court.

The plaintiff sued upon a verified account for goods, wares and merchandise sold and delivered. The defendant answered: (1) By general denial. (2) Specifically denied the correctness of the account sued upon. (3) Denied that he ever contracted for the purchase, or agreed to pay for the items set out in the account sued for. This answer was verified. The case was tried to a jury, resulting in a verdict and judgment for the plaintiff. Motion for a new trial was overruled, and the case has been duly appealed to this court.

In the first assignment of error, it is urged that the account, upon which the plaintiff's action is founded, was not properly proved. This contention is based upon the provisions of section 653, Comp. Stat. 1921, which provides that entries in books of account may be admitted in evidence under certain circumstances, and it seems to be the theory of the defendant that the manner of proof provided for in said section is exclusive. In this case the plaintiff sued upon a verified account. The books of original entry were not introduced in evidence, but W. A. Christy, a member of the plaintiff's firm, testified that he sold the goods and merchandise to the defendant, and that the account was correct. There were only three items upon the account, and the witness testified from his personal knowledge of the transaction. This evidence was competent. The mode of proof authorized by section 653 is not exclusive.

In answer to substantially the contention presented here, this court in Whitcomb v. Oller et al., 41 Okla. 331, 137 Pac. 709, says:

"In the first assignment of error, it is

urged that the account upon which plaintiffs' action was founded was not properly proved, and that section 5114. Rev. Laws 1910, controls in making proof of entries in books of account. F. C. Oller, a member of the plaintiff firm, testified that the charges contained in the bill of particulars were correct, and that he did the work. The books of account were not offered in evidence, but instead, the witness testified as to his personal knowledge of the transaction. This evidence was eminently proper and of the highest character. The statute only affords a means by which proof may be made and does not attempt to furnish the sole manner of making such proof. Moore v. Joyce, 23 Miss. 584; Godbold v. Blair, 27 Ala. 593; Crosland Co. v. Pearson, 86 S. C. 313, 68 S. E. 625."

The second assignment is, in effect, that the court erred in overruling the defendant's demurrer to the evidence for the reason that there was no competent evidence tending to show that the goods were delivered. The plaintiff's testimony reasonably tends to show that on the 17th day of August, 1920, the defendant purchased of the plaintiff the merchandise mentioned in the petition, being supplies for a drilling outfit.

The proof tends to show that the merchandise was delivered to, and receipted for, by persons in charge of the defendant's drilling outfit; that there were as many as ten statements of the account sued upon mailed to the defendant; that the defendant had transacted considerable business with the plaintiff, and that the only response to these statements was written on the back of one of them on the 15th day of November, 1919, and several months before the suit was filed, and mailed to the plaintiff, and in these words:

"We will call at your office in five days and attend to this matter."

The burden of proof was upon the plaintiff to prove delivery, but it is not necessary that this be proved by direct evidence, it may be shown by circumstance. 35 Cyc. 201. It has been held that the fact that charges for goods, where entered upon the seller's books, raised the presumption of delivery. New York Ice Co. v. Parker, 21 How. Pr. (N. Y.) 302. The evidence was conflicting throughout, and upon this branch of the case was not entirely satisfactory, but it is not for this court to weigh conflicting evidence, and where there is any evidence reasonably tending to support the verdict of the jury, the same will not be disturbed. Smith v. Stewart, 29 Okla. 26, 116 Pac. 182; Wicker v. Dennis, 30 Okla. 540, 119 Pac. 1122; McFabyen v. Masters, 11 Okla. 16, 66 Pac. 284; Chicago, R. I. & P. Ry. Co. v. Cotton, 62 Okla. 168, 162 Pac. 763.

We think the plaintiff's evidence, including reasonable inferences which the jury might have drawn therefrom, is sufficient to support the verdict, and therefore recommend that the judgment be affirmed. And it appearing that the defendant as principal obligor, and M. F. Howerton, L. G. Wheeler, and J. J. Rubenstahl, as sureties, executed a supersedeas bond conditioned for the payment of said judgment and costs, in the event said judgment was affirmed by this court, and said supersedeas bond having been duly approved and a copy thereof set out in the case-made, judgment is therefore entered in this court in favor of the defendant in error, Joplin Supply Company, a corporation, and against Gus Howerton, M. F. Howerton, L. G. Wheeler, and J. J. Rubenstahl, sureties on supersedeas bond, for the sum of $236.95, together with interest thereon at six per cent. per annum from August, 1920, and for costs.

By the Court: It is so ordered.

Note.—See under (1) 22 C. J. § 1240: (2) 35 Cyc. pp. 202, 569; (3) 4 C. J. § 2834.