## OKLAHOMA PRODUCE CO. v. COTTON PRODUCTS CO.

No. 15592—Opinion Filed Sept. 15, 1925.

**1. Judgment — Notwithstanding Verdict—When Denied.**

A motion for judgment non obstante vere-

dicto should be overruled where there is any competent evidence reasonably tending to support the verdict of the jury.

**2. Landlord and Tenant—Absence of Relation in Temporary Occupancy of Land for Ingress and Egress.**

Not every possession by consent of the owner is sufficient to create the relation of landlord and tenant. A temporary occupancy or possessed of the real estate by way of necessary ingress and egress to other lands or tenements by consent of the owner is not sufficient to create the relation of landlord and tenant or fix a tenancy at will.

**3. New Trial—Newly Discovered Evidence—Insufficiency.**

Newly discovered evidence is not ground for a new trial if it appears that it is only cumulative to the former evidence or tends only to impeach or contradict former evidence.

**4. Pleading—Evidence—Conformity to Issues.**

It is not error to refuse to permit the introduction of evidence that does not correspond with the allegations and confined to the point in issue.

(Syllabus by Threadgill, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Muskogee County; Enloe V. Vernor, Judge.

Action by Oklahoma Produce Company against Cotton Products Company. Judgment for defendant, and plaintiff appeals. Affirmed.

Bower Broaddus and C. A. Ambrister, for plaintiff in error.

Linebaugh, Pinson & Fite, for defendant in error.

Opinion by THREADGILL, C. This action was commenced December 29, 1922, by plaintiff in error, as plaintiff, against the defendant in error, as defendant, to recover rent for the use and occupancy of a certain store building, commonly known as 402 North Second street in Muskogee. The building was a two-story building with a basement, and plaintiff had it leased for the year 1922, and occupied it until about June 18, 1922, when it moved out and rented the second story to defendant for $60 a month, and defendant moved in and took possession of this part of the building and paid the rent promptly as agreed. There is no controversy over this agreement and the rent for this second story. The controversy is over the occupancy and rent for the first story. Plaintiff states in its petition:

"That the defendant occupied the said store building of the Oklahoma Produce Company, commonly known as 402 North 2nd street, by permission of the plaintiff from the 1st day of August, 1922, to the 25th day of December, 1922; that the use of said premises for said period was reasonably worth $500; that defendant, Cotton Products Company, has not paid the same or any part thereof, although due demands have been made upon them so to do."

The answer was a general denial. The issues as thus joined were tried to the jury March 20, 1924, and resulted in a verdict and judgment in favor of the defendant, and plaintiff has appealed by petition in error and case-made, asking for a reversal of the judgment.

1. Plaintiff's first contention is that the court erred in overruling its motion for judgment non obstante veredicto. The contention is that the verdict is contrary to the undisputed facts and admissions of the defendant. We have read the entire record of the evidence and we do not find any material undisputed facts claimed by this assignment of error. Plaintiff claimed that in a telephone conversation with defendant about the last of August or the 1st of September, it rented the entire building, the first floor as well as the second floor, to the defendant for $160 a month. The telephone conversation is admitted, but the rental agreement is denied. The plaintiff does not claim a contract in its petition, but bases the action upon its right, under the statute, to recover rent for the use or occupancy of the first floor. Defendant denied the occupancy in the relation of landlord and tenant. The evidence on this question was that the defendant, in order to get its cotton and other goods and wares up into the second story, had to take them through a part of the first story to the elevator, and this was necessary because there was no other way to get the cotton bales into the second story. The elevator was in the rear part of the building and defendant had to roll its cotton in on the first floor and then move it up the elevator. On one occasion, being in haste to unload the car to save demurrage, it placed 10 or 15 bales of cotton on the first floor near the elevator and the same were not moved up to the second floor for several days, but defendant denied that it intended to occupy the first floor or the basement by storing its cotton, goods, and wares therein, and it denies that it took any possession from the plaintiff, and states that the plaintiff had crates and other plunder on the first floor and did not move the same out nor

surrender any possession to the defendant, except that which was incidental to its rights on the second floor. However, the evidence as to this occupancy and the intention of the parties was conflicting, and the facts and circumstances were for the jury to consider in determining the issues between the parties.

2. Plaintiff contends that there is an admission on the part of W. D. Egolf, manager of defendant company, tending to show that the company occupied the first floor or a part of it for sometime, about ten days, and this made it a tenant at will under section 7341, Compiled Statutes 1921. The admission claimed grows out of a phone conversation and two letters from defendant to plaintiff—one dated September 14, 1922, and the other December 5, 1922. The material part of the first letter was as follows:

"Agreeable with my phone conversation with your Mr. Harrower, we will remove any cotton or boxes we have temporarily left on the first floor of the building we are renting from you at $60 for the second floor. We left some cotton on the first floor as it came in from Texas when we had to unload it quick to save demurrage, and the writer being out of the city the boys neglected to put in on the second floor, but if you desire we will place —— on the second floor at any time, and will do anything we can to assist you in renting the first floor."

The material part of the second letter is as follows:

"In our letter to you under date of September 14th, we advised that we do not want the first floor nor have we used the first floor at any time since the few days we advised you of, during which time we had a few bales of lint on the first floor and which we at once moved to the second floor, you could not expect us to pay for the first floor when we have not rented it, and your crates have occupied the greater part of the first floor ever since we have used the second floor."

Also testimony of W. D. Egolf. He was asked: "What was the occasion for your using or occupying the ground floor for a week or ten days mentioned in this letter?" And he answered: "The only way I can make an explanation of that is, during my absence, the boys neglected to take upstairs eight or ten bales, maybe 15, that were around the elevator, but they were not there over ten days, just as I advised in my letter." Also the testimony of Sidney Richey, an employe of the defendant. He was asked: "Did they ever store any cotton on the first floor?" And he answered: "Well, we did

not store any there, we set some there for about ten days one time."

These admissions as to leaving bales of cotton for a few days on the first floor that were to be taken to the second floor are not sufficient to show possession of the first floor for the purpose of occupying it as a tenant. (It is not disputed that defendant had the right to use the first floor in reaching the elevator, and while it did not have the right to use any more of the entrance to the elevator than was necessary to transfer its cotton and goods to the second floor, yet, the bare fact that it left some of the cotton on the first floor that was intended to be carried up to the second floor, whether by the consent of the plaintiff or not, would not be sufficient to create the relation of landlord and tenant, or a tenancy at will. Even if the presumption were indulged, from the fact that the cotton was found on the first floor for a few days, this presumption would be overcome by the facts and circumstances showing the intention of the defendant. The ingress and egress to the second floor by way of the first floor and the elevator, and the moving of the cotton along this way, and the temporary occupancy of a part of the first floor about the elevator, were incidental to defendant's rights to the second floor of the building, and unless the facts and circumstances were sufficient to show that defendant, by the consent of the plaintiff, occupied the first floor, otherwise than in this incidental manner, there would be no liability.

Not every possession by consent of the owner is sufficient to create the relation of landlord and tenant. A cropper's contract, whereby one cultivates land on shares, does not create the relation of landlord and tenant. Moore v. Linn, 19 Okla. 279, 91 Pac. 910. By the same parity of reasoning, we may say a temporary occupancy or possession of real estate by way of necessary ingress and egress to other lands or tenements, by consent of the owner, is not sufficient to create the relation of landlord and tenant, or tenancy at will.

The facts and circumstances of the occupancy, contended for by the plaintiff, were submitted to the jury, and it was for them to say whether or not the tenancy was created, and the issue having been decided by them against the plaintiff's contention, and there being competent evidence reasonably tending to support the verdict on this issue, the same will not be disturbed by this court. Sherry v. North, 94 Okla. 222, 221 Pac. 497;

Kansas City Southern Ry. Co. v. Pearson, 93 Okla. 260, 220 Pac. 632.

3. Plaintiff's next contention is that the court erred in refusing to grant a new trial on the ground of newly discovered evidence. The record discloses that an affidavit of H. R. Jackson was attached to the motion for new trial, in which the affiant states that he was engaged in the commission business, and his place of business was near the building in question; that he had occasion to see plaintiff's building often and could look through the window and see cotton and containers; that he saw the employes of the defendant placing cotton and containers in the building; that it was his understanding that the entire building was rented to the defendant; that the time he noticed the facts above stated was during the late summer and fall of 1922. The facts thus stated in the affidavit are not very definite and certain as to the particular place in the building he saw the cotton and the containers and the employes placing the same, and it was a mere conclusion as to what his understanding was, to the effect that defendant had rented the whole building. The most that could be said of this evidence is that it was merely cumulative, and the rule controlling is stated in the case of Vickers v. Phillip Carey Co., 49 Okla. 231, 151 Pac. 1023, and is as follows:

"A rule of wide recognition regarding the granting of new trial on the ground of 'newly discovered evidence' exacts that the evidence fulfill the following requirements: (1) It must be such as will probably change the result if a new trial be granted; (2) it must have been discovered since the trial; (3) it must be such as could not have been discovered before the trial by the exercise of due diligence; (4) it must be material to the issue; (5) it must not be merely cumulative to the former evidence; (6) it must not be to merely impeach or contradict the former evidence."

4. Plaintiff further contends that the court committed error in refusing to allow it to introduce the evidence of the witness Haydock, tending to prove that he heard a conversation over the phone the latter part of July or the 1st of August, 1922, between the manager of plaintiff and the manager of defendant, in which the rental contract was made by which defendant agreed to rent the entire building at $160 per month. Under the issues in the case this evidence was clearly inadmissible.

"The evidence must correspond with the allegations and be confined to the point of issue." Robinson v. Oklahoma Fire Ins. Co., 55 Okla. 52, 155 Pac. 206.

We are of the opinion that the judgment of the trial court should be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 33 C. J. p. 1184, § 114 (Anno) : anno. 12 L. R. A. (N. S.) 1021; L. R. A. 1916E, 828. 15 R. C. L. pp. 606, 607 ; 3 R. C. L. Supp. p. 475, et seq. (2) 35 C. J. pp. 958, § 21; 1122, § 341. (3) 29 Cyc. pp. 911, 918. (4) 31 Cyc. p. 680.