## WACHTSTETTER v. CHALLINOR.

No. 16345—Opinion Filed Feb. 23, 1926.

1. **Appeal and Error—Review—Conflicting Evidence in Law Action—Conclusiveness of Verdict.**

On an appeal in law actions, the Supreme Court will not consider and weigh conflicting evidence; and, where there is evidence reasonably tending to support the verdict of the jury, the same will not be disturbed.

2. **New Trial—Newly Discovered Evidence —Affidavit of Truthfulness.**

A motion for new trial upon the grounds of newly discovered evidence must be sustained by affidavit showing the truthfulness of the matters alleged in such motion.

3. **Same—Requisite Showing.**

Before a new trial will be granted upon the grounds of newly discovered evidence it must appeal: (1) That the newly discovered evidence is such as will probably change the result if a new trial be granted; (2) it must have been discovered since the trial: (3) it must be such as could not have been discovered before the trial by the exercise of due diligence; (4) it must be material to the issue; (5) it must not be merely cumulative to the former evidence; (6) it must not be to merely impeach or contradict the former evidence.

Error from District Court, Payne County; Charles C. Smith, Judge.

Action by William Wachtstetter against Thomas Challinor. Judgment for defendant, and plaintiff appeals. Affirmed.

John P. Hickam, for plaintiff in error.

Wilcox & Swank, for defendant in error.

PHELPS, J. Plaintiff in error, who was plaintiff below, conveyed by warranty deed a tract of land consisting of 170 acres, located in the state of Missouri, to defendant in error, who was defendant below, in exchange for a farm in Payne county, Okla., belonging to defendant in error. Defendant had not seen the Missouri land and apparently relied upon plaintiff's description of it, and after the deeds were exchanged defendant claims to have learned that plaintiff had misrepresented the character of the land, the kind, character, and value of the improvements, its location, etc., and demanded a rescission, refusing to surrender possession of the Payne county farm. Whereupon plaintiff bought suit in ejectment, in which defendant filed his answer and cross-petition praying for concellation of the deed executed forming the basis of plaintiff's action in ejectment.

The trial court and counsel on both sides treated the action as a law action, the cause was tried to a jury, resulting in a verdict for defendant, upon which the court rendered judgment, to reverse which plaintiff prosecutes this appeal.

It appears that no objections were made nor exceptions saved to either the evidence introduced or the instructions given by the

court, and the first ground for reversal urged by plaintiff in error is that the verdict of the jury and the judgment of the court rendered thereon are contrary to the law and not supported by the evidence. An examination of the record discloses that the question of fact submitted to the jury was whether or not plaintiff in error misrepresented the Missouri farm, and since no objections were made or exceptions saved to the evidence introduced and the instructions given by the court, we must conclude that that question was properly submitted to the jury for consideration, and under the well-settled law of this state, this court will not disturb such findings.

In Adrean v. Mathews, 104 Okla. 198, 230 Pac. 889, in the first paragraph of the syllabus this court said:

"Where there is competent evidence reasonably tending to support the verdict of the jury, and no prejudicial errors of law are shown, or its rulings upon law questions during the trial, the verdict and findings of the jury are binding and conclusive upon appeal."

And in Interstate Refining Co. v. Wagoner, 105 Okla. 66, 231 Pac. 247, this court used this language in the syllabus:

"Where the instructions are conceded to have been correct and fair to both parties and the evidence reasonably tends to support the verdict, the judgment will be affirmed."

And in Howerton v. Joplin Supply Co., 105 Okla. 171, 232 Pac. 104, in the 3rd paragraph of the syllabus this court said:

"On an appeal this court will not consider and weigh conflicting evidence; and, where there is evidence reasonably tending to support the verdict of the jury, the same will not be disturbed."

We, therefore, readily conclude that in the light of these authorities this assignment of error is without merit.

The next ground for reversal urged by plaintiff is that the trial court erred in not granting a new trial upon the grounds of newly discovered evidence. In the trial of the cause it appears that there was some contention as to whether the deeds were to be left in escrow until defendant inspected the Missouri land, or whether the deeds were exchanged at the time and the deal finally consummated, and in plaintiff's motion for new trial he attaches the affidavits of Roy T. Hoke and George A. Hoke to the effect that the respective deeds were delivered at the time they were executed and not left with them in escrow as claimed by defendant. Objection is made to the sufficiency of the

motion for new trial with these two affidavits attached thereto. It appears that the motion for new trial, attempting to set out the newly discovered evidence relied upon, was not itself verified, and no showing of any diligence to originally discover or attempt to discover the evidence is made. The motion merely contains the allegation that the evidence of these two witnesses could not with reasonable diligence have been discovered and produced at the trial, and there was no allegation in the motion for new trial asserting the truthfulness of the alleged newly discovered evidence.

In Dodson v. Parsons, 62 Okla. 298, 162 Pac. 1090, in the 1st paragraph of the syllabus this court said:

"Motion for new trial on ground of newly discovered evidence must be sustained by affidavit showing truth of matters alleged in such motion."

Section 5036, Rev. Laws 1910, is carried over into our 1921 Comp. Stats. as section 575, and in the body of this opinion we find the following statement:

"Under section 5036, Rev. Laws 1910, the motion for new trial on the grounds of newly discovered evidence must be verified by affidavit showing the truth of the same. In this case such motion is not verified. It is true that the affidavit of W. W. Housewright as to what his testimony would be is attached to the motion, but the motion itself, in which the defendants set out their claim of reasonable diligence, is not verified. It is necessary that the motion itself should be verified."

Even if the motion for new trial had been verified, an examination of the motion and the affidavits attached thereto shows they fail to comply with the requirements as announced by this court in Vickers v. Philip Carey Co., 49 Okla. 231, 151 Pac. 1023, where in the 4th paragraph of the syllabus it is said:

"A rule of wide recognition regarding the granting of new trials on the grounds of 'newly discovered evidence' exacts that the evidence fulfill the following requirements: (1) It must be such as will probably change the result if a new trial be granted; (2) it must have been discovered since the trial; (3) it must be such as could not have been discovered before the trial by the exercise of due diligence; (4) it must be material to the issue; (5) it must not be merely cumulative to the former evidence; (6) it must not be to merely impeach or contradict the former evidence."

We conclude, therefore, that the trial court committed no error in overruling the motion for new trial, and the judgment is therefore affirmed.

NICHOLSON, C. J., and MASON, HARRISON, LESTER, HUNT, CLARK, and RILEY, JJ., concur.