## SMITH v. GARIS.

No. 17435. Opinion Filed March 22, 1927.

Rehearing Denied June 7, 1927.

(Syllabus.)

1. **Appeal and Error—Discretion of Lower Court—Grant of New Trial for Newly Discovered Evidence.**

The granting of a new trial, on the ground of newly discovered evidence, is a matter largely within the legal discretion of the trial court, and, unless this court can say that there has been an abuse of such discretion, the judgment of the trial court should not be disturbed.

2. **New Trial—Newly Discovered Evidence —Diligence.**

To entitle one to a new trial on the ground of newly · discovered evidence, he must show, in addition to other essential facts, that he had exercised due diligence to discover the same in time.

3. **Same—Mere Cumulative or Impeaching Evidence.**

Newly discovered evidence is not ground for a new trial if it appears that it is only cumulative to the former evidence, or tends only to impeach or contradict former evidence.

Error from District Court, Garfield County; Charles Swindall, Judge.

Action by Adam S. Garis against J. E. Smith to recover for legal services. Judgment for plaintiff, and defendant appeals. Affirmed.

Chalmers B. Wilson, for plaintiff in error.

John F. Curran, for defendant in error.

MASON, V. C. J. The plaintiff in error was the defendant below, and the defendant in error was the plaintiff. For convenience, they will be referred to herein as they appeared in the trial court.

The plaintiff, who was an attorney at law, commenced this action against the defendant in the justice court, at Enid, to recover on three causes of action. The first cause of action was to recover $60 as an attorney fee for representing the defendant in an action in the district court of Alfalfa county, which was later appealed to the Supreme Court. The second cause of action was to recover an attorney fee of $40 for representing the defendant in an action in the district court of Noble county, and, subsequently, appealed to the Supreme Court. The third cause of action was to recover $21.60, which plaintiff had paid on account of printing briefs in one of said cases. Plaintiff prayed judgment for the aggregate sum of $121.60, with interest, for which he recovered judgment in the justice court, and from which the defendant appealed to the district court of Garfield county.

The defendant filed an answer consisting of a general denial and an allegation that the plaintiff accepted employment in said causes to collect the amount due on certain notes on a contingent basis, but that he failed to recover any amount, as each of said cases was lost in both the district court and the Supreme Court on appeal. The issues thus raised were tried to a jury, resulting in a judgment for the plaintiff for the amount sued for. The defendant, in due

time, filed a motion for new trial. based upon many grounds, including that of newly discovered evidence. The motion was not verified, as required by section 575, C. O. S. 1921. Upon hearing of the motion for new trial, the defendant introduced an affidavit of Guy D. Talbot, an attorney at law, in which the affiant states that he had been employed to assist the plaintiff in the trial of said cause pending in the district court of Alfalfa county; that in the course of the negotiations with the plaintiff, he received two letters through the United States mails from the plaintiff which were attached to his affidavit, and that they were in the same condition as when received by him. Said letters contain statements, in effect at least contradictory to the evidence of the plaintiff in the trial of said cause, relative to the contract under which he had accepted employment as attorney in said case. The motion for new trial was overruled and the defendant has duly perfected his appeal to this court.

The only question presented for our determination is that of whether or not there was an abuse of discretion by the court in overruling the motion for a new trial based on newly discovered evidence. The granting of a new trial on the ground of newly discovered evidence is a matter largely within the legal discretion of the trial court, and, unless this court can say that there has been an abuse of such discretion, the judgment of the trial court should not be disturbed.

A rule of wide recognition. regarding the granting of new trials on the ground of "newly discovered evidence," exacts that the evidence fulfill the following requirements: (1) It must be such as will probably change the result if a new trial be granted. (2) It must have been discovered since the trial. (3) It must be such as could not have been discovered before the trial by the exercise of due diligence. (4) It must be material to the issue. (5) It must not be merely cumulative to the former evidence. (6) It must not be to merely impeach or contradict the former evidence. Vickers v. Phillip Carey Co., 49 Okla. 231. 151 Pac. 1023; Bryan v. Ramsey, 115 Okla. 133. 242 Pac. 222; Mann v. Wilson et al., 118 Okla. 239. 246 Pac. 464.

The record herein does not disclose that reasonable diligence, or any diligence at all, was exercised before the trial of the case to discover and procure the evidence upon which the motion for new trial is based, and denominated newly discovered evidence. Nor does the record show that the plaintiff in error did not know of the witness and the facts he would testify to, if called as a witness, before the trial of the case.

In Wiers v. Treese, 27 Okla. 774, 117 Pac. 182, we held:

"Where no diligence is shown to have been exercised to secure for submission on the trial alleged newly discovered evidence presented in support of a motion for new trial, the denial thereof is not error."

In Straughan v. Cooper, 41 Okla. 515, 139 Pac. 265, this court held:

"A motion for a new trial upon the grounds of newly discovered evidence may be denied if facts constituting due diligence to have discovered same in time for the trial had be not stated therein."

In the case of Herring v. Hood, 55 Okla. 737, 155 Pac. 253, the rule is announced as follows:

"To entitle one to a new trial on the ground of newly discovered evidence, he must show, in addition to other essential facts, that he has exercised due diligence to discover the same in time."

There was a sharp conflict in the evidence adduced at the trial as to whether the plaintiff was employed on a quantum meruit or a contingent basis. The most that could be said of the evidence offered in support of the motion for new trial is that it was merely cumulative of other evidence offered by the defendant and that it is contradictory of the evidence offered by the plaintiff.

In Oklahoma Produce Company v. Cotton Products Co., 111 Okla. 257, 239 Pac. 656, the following rule is announced in the third paragraph of the syllabus:

"Newly discovered evidence is not ground for a new trial, if it appears that it is only cumulative to the former evidence, or tends only to impeach or contradict former evidence."

Applying the foregoing rules to the instant case, we cannot say that the trial court abused its discretion in refusing to grant the motion for new trial based on the ground of newly discovered evidence.

The judgment of the trial court is, therefore, affirmed.

BRANSON, C. J., and PHELPS, LESTER, HUNT, CLARK, RILEY. and HEFNER. JJ., concur.

Note.—See under (1) 4 C. J. p. 835; §2817; 29 Cyc. p. 1009; 20 R. C. L. p. 290; 3 R. C. L. Supp. p. 1051; 4 R. C. L. Supp. p. 1351; 5 R. C. L. Supp. p. 1096; 6 R. C. L. Supp. p. 1202. (2) 29 Cyc p. 886; 20 R. C. L. p. 292; 3 R. C. L. Supp. 1051; 4

R. C. L. Supp. 1351; 5 R. C. L. Supp. p. 1096; 6 R. C. L. Supp. p. 1202. (3) 29 Cyc. p. 911, 918, 920; 20 R. C. L. p. 295; 3 R. C. L. Supp. p. 1052; 4 R. C. L. Supp. 1352; 5 R. C. L. Supp. p. -1097; 6 R. C. L. Supp. p. 1203.