## ADAMS v. SMALL.

No. 20055.   Opinion Filed June 30, 1931.

Rehearing Denied July 28, 1931.

Fred L. Hoyt and Roger Stephens, for plaintiff in error.

Ledbetter, Stuart, Bell & Ledbetter, for defendant in error.

LESTER, C. J. The parties to this appeal appear in the reverse order to that in the district court, and for convenience will be referred to as they appeared there.

This is an appeal from the district court of Oklahoma county. The plaintiff's petition alleged that on the 23rd day of June, 1927, he purchased from the defendant 2,100 shares of stock in the Sunray Oil Corporation, including cash dividends; that the contract was in writing and plaintiff agreed to pay for said stock the sum of $900; that the defendant delivered 100 shares of the stock, but refused to deliver the remainder thereof; and that the par value of the undelivered stock was $1 per share in addition to cash dividends; and that out of said transaction the plaintiff had a profit of $2,500.

The defendant filed his answer and cross-petition, wherein he admitted the execution of contract sued on by the plaintiff. He admitted the delivery of the 100 shares of stock to the plaintiff and by way of new matter alleged that at the time the contract was entered into the defendant had been in an automobile accident and was in the care and under the treatment of a physician, and that he was not in such mental nor physical condition to transact business; that the plaintiff made certain false representations of facts and practiced fraud upon said defendant; that the defendant relied upon the information given him by the plaintiff; that said information was false and untrue; that the plaintiff at the time knew the same to be a misrepresentation of fact and that by reason of the mental and physical condition of defendant he relied on the statements of the plaintiff, and on account of this confidence he entered into the contract, which was admitted.

The foregoing statements are, in substance, the allegations contained in the defendant's answer and cross-petition.

The defendant then asked for rescission of the contract and for damages. The issues being joined, the matter proceeded to trial, and the jury returned the verdict in favor of the plaintiff fixing the amount of recovery at the sum of $2,175.

The plaintiff in error assigns several specifications of error. Assignments 24 and 25 are as follows:

"Said court erred in its instructions to the jury as a whole, for the reason that said court failed and refused to submit to the jury the issue presented by the cross-petition of the plaintiff in error and the reply thereto of the defendant in error.

"25. Said court erred in rendering judgment on the verdict of the jury in favor of the defendant in error."

The only two questions urged on appeal are the court's error in failing to give certain special requested instructions and in giving certain numbered instructions.

We have carefully considered all of the instructions given by the court, and especially those complained of by the defendant, and we find that they substantially state the law applicable to the issues raised by the evidence as disclosed by the record.

In view of the complaint made by the defendant that the court failed to instruct the jury upon certain issues raised by the evidence, even though not requested to do so by the defendant, and that it was the court's duty to so instruct, we have thoroughly and completely examined the entire record in this case, and from this examination we are unable to find where the court committed any error in that regard, and that the instructions given fairly present all the vital issues arising in the trial of the cause.

Complaint is made that the court erred in giving instruction No. 16, which reads as follows:

"There are five essential elements of fraud, and before a written contract can be defeated on account of fraudulent representa-

tions, the burden of proof is on the defendant to establish each of said elements by clear and satisfactory evidence.

"1. You must find that the respresentations made were material.

"2. That they were untrue.

"3. That the party making them knew them to be untrue, or was not warranted by his information in making them.

"4. That the party claiming to be defrauded relied on them when he made the trade.

"5. That he was injured thereby.

"A failure to prove any one of said elements is fatal to the defendant's case, and if you find that he has failed to prove any one of said five elements, you will find for the plaintiff."

In the case of Wingate v. Render, 58 Okla. 656, 160 Pac. 614, the court defines the necessary elements in an action of fraud:

"To constitute actionable fraud, it must be made to appear: (1) That defendant made a material representation; (2) That it was false; (3) that when he made it he knew that it was false, or made it recklessly, without any knowledge of its truth and as a positive assertion; (4) that he made it with the intention that it should be acted upon by plaintiff; (5) that plaintiff acted in reliance upon it; (6) that he thereby suffered injury; and (7) that all these facts must be proven with a reasonable degree of certainty, and all of them must be found to exist; the absence of any of them would be fatal to recovery."

From a reading of the entire record we find that there was conflict in the testimony and that there was ample testimony sufficient to support the finding of the jury, and that, under the rulings of this court, where there is competent evidence reasonably tending to support the verdict of the jury, the same will not be disturbed on appeal.

"The jury sits as a judge of the facts in law action under proper instructions by the court and where the evidence is conflicting the jury weighs the facts and renders its verdict, and where there is any evidence reasonably tending to support the verdict, the decision of the jury is final, and will not be disturbed on appeal by this court." Ferguson v. Stewart, 115 Okla. 31, 241 Pac. 121. See Oklahoma Union R. Co. v. Lynch, 115 Okla. 146, 242 Pac. 176; Wachtstetter v. Challinor, 114 Okla. 119, 244 Pac. 194; Calhoma Oil Syndicate v. Atlas Supply Co., 117 Okla. 6, 244 Pac. 770; Packard Oklahoma Motor Co. v. Funk, 117 Okla. 96, 245 Pac. 571.

Judgment is affirmed.

CLARK, V. C. J., and RILEY, HEFNER,

CULLISON, ANDREWS, McNEILL, and KORNEGAY, JJ., concur.

SWINDALL, J., absent.