## FAGRAS v. MARKS.

No. 25328.    April 2, 1935.

Everest, McKenzie, Halley & Gibbens and H. B. Crawford, for plaintiff in error.

Ralph J. May, for defendant in error.

PER CURIAM. This action was originally commenced before a justice of the peace on verified itemized account for money due defendant in error for wages or salary for operating a coffee shop in the St. Nicholas Hotel in Oklahoma City under an alleged verbal contract with plaintiff in error, in which Marks was to receive $20 per week for his services. He alleged he worked 25 weeks, earning a total of $500. Fagras had paid him $147.75 cash, and Marks remitted $152.25 in order to bring his claim in the jurisdiction of the justice of the peace.

The verified itemized account was never denied under oath.

The justice rendered judgment for Marks for $200, and Fagras appealed to the district court of Oklahoma county, and the cause was transferred to the court of common pleas for trial.

When the case came on for trial, the defendant in error moved the court to render judgment in his favor on the pleadings, because the verified account had not been de-

nied under oath. The court overruled the motion, to which the defendant in error excepted.

Counsel for Marks in his opening statement went somewhat outside of the bill of particulars by stating that in addition to the $20 per week, Marks was to receive for his services one-half of the profits made by the coffee shop.

Counsel for Fagras in his opening statement denied that defendant had agreed to pay plaintiff $20 per week.

The issue to be tried before the court was limited by the bill of particulars to how much Marks was entitled to recover for his services on a contract for $20 per week.

A jury was waived and the cause tried to the court. After defendant in error's demurrer to the evidence was overruled, he put in his testimony, and at the close of the testimony the court found for defendant in error and found the amount he was entitled to recover at $125, and rendered judgment for that amount. Plaintiff in error filed a motion for new trial, which was overruled, and he has filed a petition in error in this court.

The evidence was very contradictory, and in some respects indefinite and uncertain.

After the evidence was all in and the cause argued by counsel, the court, in discussing the evidence, said:

"The Court: Now gentlemen, there is no way in the world for any court, judge or jury, to determine from this evidence what actually occurred; no way on earth to determine. If they had a contract, it was a very indefinite contract. There are some things to indicate in the testimony of each of them that they had a contract for $20 a week and for the profits. There is plenty of evidence on the other side to indicate that they never had any contract except for a part of the profits. That is the way this case stands. That is all there is to the case.

"I think this, gentlemen: You cannot decide it on quantum meruit, as a matter of law, but the evidence shows the amount he has drawn here, and he has received his board there. The books are in the possession of these people and they have not seen fit to introduce them in evidence to show the exact profit the business did make. But it has been suggested that it ran a profit.

"I am going to render judgment in this case for $125. I think that is a fair solution of the matter. It gives him some remuneration for his work. It doesn't give him the full amount he claims, but I think that is a fair settlement of the matter and a fair arbitration of it. That is the way the court feels about it."

Defendant's motion for new trial contained three grounds:

(1) That the decision was not sustained by sufficient evidence.

(2) That the court erred in overruling demurrer to the evidence of the plaintiff.

(3) That the court erred in not finding that the $100 paid by the defendant to the plaintiff was not a compromise or settlement in full of any claims that the said plaintiff might have had against the said defendant at the time this case was filed.

Fagras, in his petition in error, adds an additional assignment that the court erred in not determining the issues before it, and that the court erred in not finally determining the rights of the parties to the action according to law, and errors of law occurring at the trial which defendant excepted to at the time.

Plaintiff in error in his brief bases his claim for reversal mainly on the statement of the court commenting on the evidence, and on the court's rendering judgment for only $125, and especially the statement of the court:

"It doesn't give him the full amount he claims, but I think that is a fair settlement of the matter and a fair arbitration of it. That is the way the court feels about it."

He insists that the court's decision was an arbitration and that his judgment was outside of the issues in the case. It is difficult to determine whether this question was raised by the assignments of error in the motion for new trial, but plaintiff in error, in his reply brief, says:

"We are not assigning as error the statements and words of the court by which he drove up and hitched to an arbitration in the case. We set these things out for the benefit of the court and cited one of the decisions of this court which justifies that being done."

Plaintiff in error further insists that the decision and judgment of the court was entirely outside of the issues of the case.

1. A judgment is the final determination of the rights of the parties in an action. (Section 416, O. S. 1931.)

2. The remarks of the judge commenting on the evidence was not the judgment

of the court. The judgment must be definite and certain and a final determination of the rights of parties. The finding and opinion of the court is not the judgment, but a mere expression of op'nion of what the court considers the judgment should be.

This court, in the case of Maroney v. Tannehill, 90 Okla. 224, 215 P. 938, said:

"The findings and opinion of the court are never the judgment of the court, but are only expressions as to what the court considers its judgment should be. The judgment must be definite and certain, comprehending clearly the relief sought and granted, and the final determ'nation of the rights of the parties to the action."

The rule is stated in 34 C. J. 502, thus:

"The technical term of a judgment cannot be limited or controlled by the opinion of the court, but it is generally held that the opinion may be considered on the question of the construction and effect of the judgment. All presumptions are in support of the judgment; nothing will be presumed against it."

3. The defendant in error testified positively that he was to receive $20 per week for his services. The plaintiff in error testified positively that that was not the contract. Other matters were injected into the trial, but the issue under the pleadings was as to the contract for $20 per week for the services rendered. There was an abundance of evidence to support the findings of the court, and the court found for defendant in error for $125, and rendered judgment in his favor for that amount. This was supported by the evidence. Plaintiff in error insists that because of the court's remarks and of his use of the word "arbitration," the findings and judgment of the court were entirely beyond the issues in the case, and presents considerable argument to show that the court, under the evidence, could not arrive at the sum of $125.

Plaintiff in error cites in his brief a number of cases to the effect that a judgment rendered outside of the issues involved is erroneous and will be reversed on appeal. We do not believe any of the cases cited by plaintiff in error are in point in this case. This court has held so many t'mes that a judgment of the court reasonably supported by the evidence will not be disturbed on appeal, that there is no occasion for citing authorities on this question.

4. The evidence would probably have justified the court in rendering judgment for $200. If the court committed error in this respect, it was to the advantage of the plaintiff in error and he cannot complain. A judgment will be sustained if it can be on any reasonable ground shown by the record.

This court, in the case of Simons v. Harber, 116 Okla. 233, 243 P. 510, had before it the question of whether the plaintiff in error could complain of an error of the jury in rendering a verdict for a smaller amount than the evidence justified. The court said:

"It is our opinion that the defendant cannot be heard to complain because the jury in its verdict did not give the plaintiffs enough, but that the verdict was smaller than they were entitled to. This might be cause for complaint by the plaintiffs, but it is not available to and furnishes no grounds for reversal by the defendant."

The court will indulge all intendments in favor of the regularity of the proceedings of the trial court and will uphold the judgment if it may be done on any reasonable hypothesis. Maroney v. Tannehill, supra.

The evidence supports the verdict and it does not appear that any prejudicial errors have been committed by the trial court. This suit was brought on a verified itemized account which was not denied under oath, and this alone would support the judgment. Hicks v. Alexander, 85 Okla. 96, 204 P. 923; Price v. Preston, 103 Okla. 47, 229 P. 437.

The judgment is affirmed.

The Supreme Court acknowledges the aid of Attorneys Harry Campbell, Stanley D. Campbell, and Edward H. Chandler in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Harry Campbell and approved by Mr. Stanley Campbell and Mr. Edward H. Chandler, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., and RILEY, BUSBY, PHELPS, and GIBSON, JJ., concur