## COLCHENSKY et al. v. WILLIAMSON.

No. 27525.     Sept. 28, 1937.

Rehearing Denied Oct. 19, 1937.

Carland Smith, for plaintiffs in error.

R. A. Hockensmith, for defendant in error.

BAYLESS, V. C. J. The action is one wherein W. C. Williamson, defendant in error, as plaintiff in the court below, sued Ben Colchensky and the Okmulgee Supply Corporation, now plaintiffs in error but defendants in the court below, with a view to having judgment against said defendants for an amount which said plaintiff claimed as being the balance due him on the purchase price of two certain oil and gas leases; the amount so claimed being alleged to be $1,395.47.

The leases referred to above covered adjoining tracts of land situated in Elk county, Kan.; one of said leases being known as the Mullendore lease, and the other as the Keyser lease; and there was one oil well on each lease. The plaintiff alleged that in January, 1935, and under an oral agreement, he sold the aforementioned leases to the defendants; that under said agreement he was paid $1,800 at the time of the sale, and was to be paid additional sums in relation to each of said leases. That the amounts of said additional sums were to be arrived at and made to him as follows: (a) As to the Mullendore lease, $20 per ton for all casing recovered from the well in excess of two certain sized strings, if and in event defendants "pulled" the well; but that if after experimenting with the well for a period of 60 days defendants should decide to keep the same as a producer, then and in that event defendants were to pay plaintiff $350 as the estimated "overage" of casing in said well. (b) As to the Keyser lease, that said defendants, in event they "pulled" the well thereon, were to pay plaintiff for all casing recovered from said well over and above 1,798 feet of 6⅝-inch casing, at the rate of $20 per ton; but that if said defendants elected to keep said well as a producer, then and in that event, it was to be assumed "that said well contained the following overage or strings of pipe other than the 6⅝ above stated, as shown by the well log, as follows: 460 feet of #503 12½ inch, 1,025 feet of 35# 10 inch, 1,247 feet of 28# 8¼ inch, and 500 feet of 20# (additional) 6⅝ inch, and to pay plaintiff therefor the additional sum of one thousand and forty-five and 47/100 ($1,045.47) dollars." It was further alleged by the plaintiff: That, in relation to the Mullendore lease, there was due him from said defendants, as the value of the "overage" of casing in the well thereon, the sum of $350; and, in relation to the Keyser lease, that there was due him from said defendants, as the value of the assumed "overage" of casing in the well on that lease, the sum of $1,045.47. And as to each of said amounts he claimed interest thereon at the rate of 6 per cent. per annum from March 2, 1935.

To said petition the defendants filed their separate answers. The Okmulgee Supply Corporation, after first denying generally the material allegations of said petition, alleged in its answer that it purchased from the plaintiff the two leases referred to in said petition, but alleged that the terms of the purchase were: (a) Cash in the amount of $1,800, which amount it alleged it had paid to plaintiff; and (b) that if the wells on said leases were retained by defendants as producers, then and in such event, said defendant was to pay plaintiff the further sum of $350. But that if said wells were not so retained, then and in that event, said defendant was to pull the casing from the wells, at its expense, and for such amount of "ten-inch 35# casing actually recovered from the wells" said defendant was to pay plaintiff "at the rate of $20 per ton." Said defendant further alleged that there was no agreement between the plaintiff and said defendant regarding the length of time said defendant was to have for determining and deciding whether it would retain said wells as producers, except that it was agreed that said defendant should have a reasonable time therefor. Said defendant did not allege in its answer that it had pulled the casing from the wells, nor did it expressly allege that it had kept said wells as producers,

but it did in effect allege the latter and in connection therewith admit that it was liable to the plaintiff in the sum of $350.

Ben Colchensky, answering said petition, made general denial, and for further answer alleged "that he never entered into any contract with plaintiff as an individual, but whatever contract he made with the plaintiff was as an officer of the defendant, Okmulgee Supply Corporation, and plaintiff then knew that this defendant was acting for and on behalf of the corporation."

For reply to the separate answers of the defendants, the plaintiff alleged that he denied each and every allegation thereof which was directly or indirectly inconsistent with, or contrary to, the allegations of his petition.

The jury in the case returned a verdict finding generally for the plaintiff, Williamson, and against the defendants, Colchensky and the Okmulgee Supply Corporation, and therein set the amount of Williamson's recovery at $700 and interest thereon at the rate of 6 per cent. per annum from March 2, 1935. From the judgment said defendants have appealed.

It is urged by the plaintiffs in error, Colchensky and the Okmulgee Supply Corporation, that the verdict in the case does not respond to the issues raised by the pleadings and the evidence. The record before us, however, does not disclose that either of said plaintiffs in error raised that question or made any objection whatever to the verdict at the time same was returned into court, and before the jury was discharged. The question, it appears, was not raised until after the jury had been discharged, and then only by the motion for new trial which said plaintiffs in error subsequently filed. And in this situation, the question was not timely raised. For if said parties desired to raise same, they properly should have done so at the time the verdict was returned into court and before the jury was discharged, to the end that the vice therein, if any, might be corrected. Davis v. Gray, 39 Okla. 386, 134 P. 1100; Crisp v. Gillespey, 50 Okla. 541, 151 P. 196; Williams & Miller Gin Co. v. Baker Cotton Oil Co., 108 Okla. 127, 235 P. 185.

Plaintiffs in error also assign as error: "That the verdict and decision is not justified by any theory presented by the pleadings or the parties," and that the said verdict and decision is in direct conflict with the theory upon which the case was presented and tried. In relation to said assignment it is stated in their brief that the verdict "should have been either for the sum of $350, which the defendants admitted (as being due the plaintiff), or it should have been in the sum of $1,395.47, being the total of the plaintiff's claims for the Mullendore and Keyser wells." By reference to the pleadings which the respective parties to the action filed in the court below, it is to be noted that issue was made between the parties as to the terms of the sale agreement under which the leases were purchased from the plaintiff. This issue, it appears from reference had to the instructions given in the case, was submitted to the jury. And the jury having found generally in favor of the plaintiff and against the defendants, it follows that the verdict amounted in effect to a finding by the jury that the terms of sale of said leases were those stated in the plaintiff's petition Sherry v. North, 94 Okla. 222, 221 P. 497; Sturm v. American Bank & Trust Co., 172 Okla. 294, 44 P. (2d) 794. It was conclusively established at the trial, and not denied or disputed by the defendants, that no casing in either of the wells had been "pulled" at any time after said defendants went into possession of the leases, and that each of the wells had been kept as a producer. And hence, under the terms of the sale agreement as same are set forth in the plaintiff's petition, the plaintiff was entitled to recover in the action $350 in relation to the well on the Mullendore lease, and $1,045.47 in relation to the well on the Keyser lease, a total of $1,395.47. The jury, however, and notwithstanding that they found generally in favor of the plaintiff, set the amount of his recovery at an amount considerably less than $1,395.47. While the plaintiff might have appealed, and claimed that the verdict was injurious to him by being for less than he was entitled to under the agreement, it cannot be claimed by the defendants that the error committed by the jury injured them. Simons v. Harber, 116 Okla. 233, 243 P. 510; Fagras v. Marks, 171 Okla. 413, 43 P. (2d) 108. And moreover, as we have heretofore pointed out, the defendants raised no question going to the verdict at the time it was returned into court and before the jury was discharged, nor did

they make or offer any objection whatever to said verdict being received and accepted by the trial court.

It is urged that the trial court erred in refusing to give an instruction requested by the defendants. But it appears, however, that while the trial court did not give said requested instruction, the court did give instructions which were not objected to by the defendants and which fully covered the matters contained in the requested instruction. It does not appear from the record that the defendants . or either of them objected or excepted to any of the instructions which the trial court gave to the jury. And said instructions given, taken as a whole, fairly and reasonably present the issues . joined by the pleadings; and there was, therefore, no error in the refusal of the trial court to give the aforementioned requested instruction. Bennett & Co. v. Robinson, 170 Okla. 174, 39 P. (2d) 86.

It is also urged that the trial court erred in overruling the motions of the plaintiffs in error for a new trial. Under said assignment it is contended that Ben Colchensky having pleaded that he acted in the lease sale transaction only as agent for the Okmulgee Supply Corporation, and no one having disputed his plea of agency, that, therefore, the plaintiff, Williamson, was not entitled to a judgment for any amount as against Colchensky, and his motion for a new trial should have been sustained. We cannot agree with that contention. For the effect of the plaintiff's reply to Colchensky's answer in the case was to deny the allegations of agency contained in said answer; and the issue in that respect thus made was submitted to the jury, under the court's instructions, for determination. And the jury, having found generally in favor of the plaintiff, thus in effect found contrary to Colchensky's contention in his answer that he acted in the premises only as the agent of the Okmulgee Supply Corporation.

We have examined the evidence, and while it is conflicting, we are unable to say that there was no competent evidence reasonably tending to support the verdict of the jury as against each of the defendants. Hence, under the familiar rule consistently adhered to by this court, the verdict will not be disturbed on appeal.

Garrison Coal Co. v. Semple, 82 Okla. 60, 198 P. 497; Adams v. Small, 151 Okla. 244, 3 P. (2d) 661.

Finding no prejudicial error in the record, the judgment of the trial court is hereby affirmed.

The defendant in error in his brief has moved this court for judgment upon the supersedeas bond given by the plaintiffs in error. The bond appears in the case-made, and appears as being signed by each of the plaintiffs in error as principals, and by E. H. O. A. Bingman and J. D. Roberts as sureties, for $1,600, and contains the usual conditions to pay the condemnation money and costs in case the lower court's judgment is affirmed. Under section 546, O. S. 1931, and Rule 31 of this court, said defendant in error is entitled to the judgment asked.

It is therefore ordered, adjudged, and decreed by this court that the defendant in error, W. C. Williamson, have and recover from the plaintiffs in error, Ben Colchensky and the Okmulgee Supply Corporation, a corporation, principals, and E. H. O. A. Bingman and J. D. Roberts, sureties on said bond, the sum of $700 and interest thereon at the rate of 6 per cent. per annum from March 2, 1935, until paid, and the costs of this action. For all of which let execution issue.

OSBORN, C. J.. and PHELPS, CORN, and HURST, JJ., concur.