James W. **PALMER** and Richard M. Palmer, partners, Trading as Mercury Instrument Co., Appellants,

v.

John C. **GARVES**, Appellee.

No. 1802.

Municipal Court of Appeals for the District of Columbia.

Submitted May 14, 1956.

Decided June 27, 1956.

Isadore Brill, Irving B. Yochelson and Solomon Grossberg, Washington, D. C., for appellants.

Russell F. Barrett, Washington, D. C., for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

Appellee, to whom we shall refer for convenience as plaintiff, sued defendants for unpaid salary in the amount of $2,-207.16. Defendants in their answer denied the indebtedness in the amount claimed. At trial they endeavored to prove that plaintiff was a partner and that an agreement had been entered into whereby they were to pay $1,000 in full settlement of his claim, of which amount $240 had been paid, leaving a balance of $760. Trial by the court resulted in a finding and judgment for plaintiff for $1,500.

No useful purpose would be served by setting forth the testimony in detail. It is sufficient if we relate only that testimony which points up the conflict as to the type of relationship which existed between plaintiff and defendants. There was testimony that plaintiff was employed as gen-

eral manager at a salary of $125 per week, with the expectation of becoming a partner if and when he paid the sum of $500; that he received less than the agreed salary during the years 1953 and 1954 because of a shortage of funds; that there came a time when defendants decided to move their business to Connecticut; that prior to leaving they agreed to pay plaintiff $100 per month until they had paid the amount they owed him, with the further understanding that if they were financially able to accumulate $1,000, plaintiff would accept it and cancel the debt. No payments were made. Plaintiff testified that he then forwarded for their signature a note in the amount of $1,600 which was to be in full settlement, but received a counteroffer to the effect that if he would give defendants a release for $2,400 they would send him $760 in full settlement. This he rejected. He further testified that defendants, after consulting with their attorney, told him it would be inadvisable for them to sign the note since there was no evidence indicating that they owed him any money. Defendants' accountant testified that in preparing the firm's tax returns he did not list plaintiff as a partner since he had been informed by defendants that plaintiff was not a member of the partnership.

The gist of defendants' testimony was that plaintiff was a partner and that he had a drawing account of $125 per week so long as there were any funds. Certain exhibits signed by plaintiff and defendants were introduced in evidence which indicated that plaintiff was held out as a partner in connection with the signing of certain contracts, the opening of a bank account, etc. Defendants also testified that they agreed to pay plaintiff $100 per month until they raised $1,000 in lump sum, the

payment of which would cancel the debt. However, defendants admitted that no payments were made under this agreement.

■ The only substantial question presented by this appeal is whether there was sufficient evidence to support the finding of the trial judge. It should be noted that the defense of partnership was not raised in the answer. However, it was placed in issue at trial with sharply conflicting evidence being offered as to whether plaintiff was an employee or a partner. In such a situation the principle laid down in Nolan v. Werth, 79 U.S.App.D.C. 33, 142 F.2d 9, is controlling. There it was said that where

"* * * the evidence was such that either one of two different conclusions might reasonably have been drawn from it, * * * the decision is for the trial court; * * * and * * * the appellate court may not reweigh the evidence or override the findings, except where it clearly appears they are manifestly wrong."

Our study of the record fully satisfies us that the finding has ample support in the evidence and therefore we have no right to disturb it.

■ One other point requires our consideration. Defendants contend that the amount of the finding is unsupported by the evidence. This contention is without merit. It is the general rule that the fact that a judgment or verdict is for a lesser sum, or awards less relief, than the prevailing party is entitled to, furnishes no ground for complaint by the party against whom such judgment or verdict is rendered.[1] It is clear from the record that the evidence would probably sustain a

1. Langroise v. Cummings, 9 Cir., 123 F.2d 969, certiorari denied 316 U.S. 664, 62 S.Ct. 944, 86 L.Ed. 1741; Ohio Boulevard Land Corporation v. Greggory, 6 Cir., 46 F.2d 263; Denton v. Brocksmith, 5 Cir., 299 F. 559; Kingory v. United States, C.C.La., 44 F. 669; Shlopak v. Davison, D.C.Mun.App., 34 A.2d 126; H. Moffat Co. v. Rosasco, 119 Cal.App.2d 432, 260 P.2d 126; Fagras v. Marks, 171 Okl. 413, 43 P.2d 108; Mabry v. Holcomb, 82 Ga.App. 1, 60 S.E.2d 411; Lokey v. Malcom, 53 Ga.App. 434, 186 S.E. 448.

judgment for the full amount for which plaintiff sued. If the court committed error in rendering judgment for a lesser amount, it was to defendants' advantage and they are in no position to complain.

Affirmed.