J. M. Hoefer and Perry A. Hoefer, *partners as* J. M.
Hoefer & Son, v. J. R. Dunbar and Frank Dunbar.

(Filed February 13, 1907.)

APPEAL AND ERROR—Practice—Evidence. Where a case made
contains no recital that it contains all the evidence introduced
by the plaintiff upon the trial of the cause, this court will not
consider an assignment of error, to the effect that the court
erred in overruling a demurrer to plaintiffs' evidence.

(Syllabus by the Court.)

*Error from the District Court of Kay County; before
Bayard T. Hainer, Trial Judge.*

*Cline & Duval,* for plaintiff in error.

*Virgil H. Brown,* for defendant in error.

Opinion of the court by

Burford, C. J.:  This was an action commenced in the
probate court of Kay county, where the defendants in error
obtained a judgment against the plaintiffs in error for money
had and received.  The cause was appealed to the district
court and there tried to a jury and verdict and judgment
rendered in favor of the defendants in error.  The cause is
here on appeal from the judgment of the district court.

The only error assigned or argued is that the court
erred in not sustaining the defendant's demurrer to the plain-
tiff's evidence.  It is claimed that the money sought to be

recovered was paid on an oral agreement to lease Indian lands, without the consent or approval of the interior department officials. We are unable, in the state of the record, to determine whether or not there was any error in the ruling of the trial court. In order to determine this question we must have before us all the evidence introduced by the plaintiffs on the trial of the cause prior to the filing of the demurrer to the evidence. The case may, and probably does, contain all the evidence, but it contains no recital that the evidence therein reproduced was all the evidence introduced by the plaintiffs on the trial of the cause, and in the absence of such recital in the case, it is the settled rule of this court that it will determine no question which requires an examination of such evidence, and it has been settled by former decisions of this court that no certificate of the stenographer, counsel or court can supply this omission.

The judgment of the district court of Kay county is affirmed at the costs of plaintiffs in error.

Hainer, J., who presided in the court below; not sitting; all the other Justices concurring.