## NORRIS v. HIBLER.

(Syllabus.)

No. 10167—Opinion Filed Oct. 18, 1921.

**Appeal and Error—Review — Questions of Fact—Verdict.**

In a civil action, triable to the jury, where there is competent evidence reasonably tending to support the verdict of the jury, and no prejudicial errors of law are shown in the instructions of the court, or its ruling on law questions presented during the trial, the verdict and finding of the jury will not be disturbed on appeal.

Error from County Court, Tulsa County; H. L. Standeven, Judge.

Action in replevin by Dave Hibler against E. C. Norris. Judgment for plaintiff, and defendant brings error. Affirmed.

Jno. F. Kerrigan and Ivel M. Boyd, for plaintiff in error.

J. B. Allen, Ed. S. Butterfield, and Leon S. Hirsh, for defendant in error.

JOHNSON, J. On September 27, 1917, Dave Hibler filed an action in replevin against the defendant, E. C. Norris, in the county court of Tulsa county, to recover a team of mules, wagon, and harness, of the alleged aggregate value of $417.50, and to recover damages for the wrongful withholding of the same by the defendant of $5.50 per day for each and every day that the defendant had retained possession of said property. The case was thereafter tried to a jury, on March 27, 1918, and the plaintiff was awarded a verdict and judgment for the possession of the property or the value thereof, fixed at $355, and for the further sum of $400 damages, to reverse which the defendant has regularly commenced this proceeding in error.

For convenience, the parties will be referred to as plaintiff and defendant, respectively, as they appeared in the trial court.

The defendant's specifications of error are:

(1) "The court erred in admitting testimony as to the value per day of a driver, wagon, team and harness.

(2) "The court erred in giving to the jury instructions hereinbefore set out.

(3) "The court erred in refusing instructions to the jury, requested by defendant, hereinbefore set out.

(4) "The court erred in overruling defendant's motion for a new trial."

The errors complained of by the defendant and argued by his counsel in their brief are that the court erred in admitting testimony on the question of the measure of the plaintiff's damages, and in giving certain instructions to the jury, and in refusing certain requested instructions of the defendant. While the court's rulings upon the admission of evidence were, in some respects, inaccurate, we have carefully examined the entire record, and find there is no merit in these contentions; that the court instructed the jury upon the issues involved in the pleadings and made by the evidence in the trial with substantial accuracy, and properly refused the requested instructions of the defendant.

The evidence amply supports the verdict of the jury in the amount thereof, and the cause comes within the provisions of section 6005, Rev. Laws 1910, which provides:

"No judgment shall be set aside or new trial granted by any appellate court of this state in any case, civil or criminal, on the ground of misdirection of the jury or the improper admission or rejection of evidence, or as to error in any matter of pleading or procedure, unless, in the opinion of the court to which application is made, after an examination of the entire record, it appears that the error complained of has probably resulted in a miscarriage of justice or constitutes a substantial violation of a constitutional or statutory right."

There being no reversible error in the record, the judgment of the trial court is affirmed.

It further appearing from the record that prior to the filing of the appeal in this cause in this court, and as a part of the regular procedure on appeal, the defendant, E. C. Norris, as principal, with William B. Mohr and Fred Norris, as sureties, duly executed a supersedeas bond in this cause payable to the plaintiff, Dave Hibler, in the sum of $1,600, conditioned as required by law, and duly approved by the clerk of the trial court, a duly certified copy of which bond has been filed in this court, and has been called to the attention of the court by brief of plaintiff filed herein in compliance with the rules of the court, it is, therefore, further ordered and adjudged that the plaintiff, Dave Hibler, have judgment in his favor against the said defendant, E. C. Norris, as principal, and the said William B. Mohr and Fred Norris, as sureties, on said supersedeas bond in the sum of ———— dollars, and all costs incurred herein as per journal entry.

HARRISON, C. J., and KANE, PITCHFORD, ELTING, and KENNAMER, JJ., concur.