## SIMONS v. HARBER et ux.

No. 13569—Opinion Filed May 12, 1925.

Petition for Rehearing Withdrawn June 10, 1925.

1. **Insurance—Breach of Mortgagee's Agreement to Have Fire Policy Validated—Liability to Mortgagor for Damages.**

Where the borrower brings action for damages against the lender, based upon the lender's failure to perform his part of a separate, independent, parol agreement, and in his petition it is, in substance and effect, alleged that, in addition to the mortgage security in writing, an independent, parol, collateral agreement was entered into between the parties, by which the borrower delivered his fire policy to the lender upon the condition, understanding. and agreement that the lender would attend to having the fire policy validated by the insurer, and that the lender failed and neglected to comply with his agreement to have the policy validated, and that damages resulted to the borrower as a direct and proximate result of such failure and negligence upon the part of the lender, the petition states a cause of action in favor of the borrower and against the lender for such actual damages as directly and proximately resulted from the lender's failure to have the insurance validated.

2. **Same — Recovery by Mortgagor — Judgment for Defendant Notwithstanding Verdict Properly Denied.**

Upon examination of the petition in the

instant case, it is held that it states a good cause of action in favor of the plaintiffs and against the defendant, and the demurrer was properly overruled, and the defendant not being entitled to a judgment under the pleadings and the evidence being sufficient to sustain the verdict of the jury, the motion of defendant for judgment notwithstanding the verdict was properly overruled.

3. **Appeal and Error—Review—Sufficiency of Evidence.**

· Where plaintiff's petition states a cause of action in his favor and against the defendant, and the petition, the verdict returned by the jury, and the judgment entered thereon are reasonably supported by competent evidence adduced by the plaintiff upon the trial, the verdict and judgment will not be set aside on appeal because of alleged insufficiency of the evidence.

4. **Same—Right to Complain of Favorable Error.**

As a general rule a defendant cannot be heard to complain that the jury. in the trial of the cause, returned a verdict for plaintiff for less than he was entitled to under his pleading and evidence.

(Syllabus by Thompson, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Seminole County; John L. Coffman, Judge.

Action by T. W. Harber and Kate Harber againt H. N. Simons for recovery of money and costs. Judgment for plaintiffs, and defendant brings error. Affirmed.

John W. Willmott and R. J. Roberts, for plaintiff in error.

Robert Burns and Pryor & Stokes, for defendants in error.

Opinion by THOMPSON, C. This action was commenced in the district court of Seminole county, Okla., by T. W. Harber and Kate Harber, defendants in error. plaintiffs below, against H. N. Simons, plaintiff in error. defendant below, to recover the sum of $1,500 and for costs. The parties will be referred to as plaintiffs and defendant, as they appeared in the lower court.

The amended petition, among other things, alleged, in substance, that plaintiffs secured a loan from the defendant in the sum of $600 and to secure the payment thereof they executed their note and real estate mortgage on 80 acres of land in Seminole county, upon which was located their residence; that, by the terms of the mortgage, they were to secure fire insurance on the dwelling house located thereon, with some insurance company for the sum of $800, with loss payable clause to the defendant; that, as

an additional security the plaintiffs delivered to the defendant a certain fire insurance policy with the Aetna Fire Insurance Company, of Hartford, for the amount of $1,500, already held by them, with the oral understanding and agreement that the defendant should procure from the insurer its consent to the mortgage, with a loss payable clause in favor of the defendant to be attached to the insurance policy; that said policy contained a provision that it should be void in case a mortgage should be placed upon the property without the consent of the company; that the defendant failed and neglected to secure the consent of the company and have said consent and loss payable clause attached to said policy; that before the expiration date of the policy, and while the policy was still in the possession of the defendant, the building described and insured against fire by the policy burned and became a total loss, and that when the policy was procured from the defendant, it was found that defendant had failed to comply with his agreement to get the company to approve the mortgage and consent to pay the insurance to the mortgagee as his interest might appear and the company declared the policy void and refused to pay the insurance under the terms of the policy; that by the failure of the defendant to perform his promise and get the consent of the company to the mortgage, the plaintiffs sustained a loss and damage in the sum of $1,500, and prayed judgment for said amount. A copy of the policy was attached to the petition. The defendant demurred to the amended petition, which demurrer was overruled and exception allowed.

Defendant answered by way of general denial and denied specially that any agreement was made concerning the insurance policy, other than as was set out in the mortgage, and set up nine different reasons why the policy of insurance was void, and for further answer alleged that plaintiffs were granted a settlement of their claim under the policy and had surrendered the policy and were thereby estopped from claiming damages against the defendant.

Plaintiffs replied by way of general denial and alleged that the policy of insurance, in addition to insuring the buildings for $1,500, which were part of the realty covered by the mortgage, in a separate provision also insured their household goods in the sum of $500, and that the insurance company had paid them $500 for loss of their household goods, but denied liability so far as the buildings were concerned, and refused settlement upon the grounds that they had mortgaged the premises without obtaining their consent and without having attached to said policy said consent, with a loss payable clause in favor of the mortgagee.

The cause was tried to the court and jury, and at the close of the testimony, the jury rendered its verdict in favor of the plaintiffs in the sum of $750. Motion for new trial was filed by the defendant, heard and overruled; exception reserved by the defendant. Motion was filed by the defendant for judgment against the plaintiffs notwithstanding the verdict, which motion was heard and overruled and exception reserved.

Judgment was pronounced by the court upon the verdict of the jury in favor of the plaintiffs and against the defendant in the sum of $750 and costs, and the cause comes regularly upon appeal by the defendant to this court from said judgment.

The attorneys for defendant set up four assignments of error, which are as follows:

(1) Motion for judgment non obstante veredicto considered with demurrer to amended petition.

(2) Plaintiffs' oral agreement alleged in their amended petition inadmissible because (a) if prior or contemporaneous with execution of the mortgage, the same was merged in it as a written agreement, which cannot be varied by parol evidence; or (b) if subsequent to execution of written contract the same is nudum pactum and without consideration.

(3) Written contract can only be altered by an agreement in writing.

(4) Verdict contrary to law and contrary to evidence.

The undisputed evidence in this case is that the loan was made to the plaintiffs by the defendant; that the mortgage was executed, which required that the property be insured for the sum of $800 by a policy to be obtained by plaintiffs, with a loss payable clause to the defendant as mortgagee; that it was then ascertained by the defendant that the plaintiffs already had insurance on the residence in the sum of $1,500, and on the household goods in the sum of $500, and that this policy was turned over to the defendant by the plaintiffs and retained by him. There is a sharp conflict between the testimony of the plaintiffs and the defendant as to the oral understanding in regard to which one of them should secure the insurance company's consent to the mortgage and to secure a loss payable clause to the mortgagee to be attached to the policy. The plaintiffs claimed that the defendant in-

formed them that such consent and such a clause should be obtained from the insurance company; that he was accustomed to doing those things frequently and he would attend to it for them and keep the policy as an additional pledge of further security to him for the loan. The defendant denied this. These questions were submitted to the jury under proper instruction of the court and all questions of disputed facts and all contradictions in the testimony are concluded by the verdict of the jury in favor of the plaintiffs' contention as to the oral understanding.

Attorneys for defendant, in their brief, contend that the parol agreement was not admissible in this case under section 5035, Comp. St. 1921, which is as follows:

"The execution of a contract in writing, whether the law requires it to be written or not, supersedes all the oral negotiations or stipulations concerning its matter, which preceded or accompanied the execution of the instrument."

And they cite in support of their contention the case of Ozark States Trust Co. v. Winkler, 84 Okla. 7, 202 Pac. 12, where the court said:

"The execution of a contract in writing supersedes all the oral negotiations or stipulations concerning its terms and subject-matter which proceded or accompanied the execution of the instrument, in the absence of accident, fraud, or mistake of fact; and any representations made prior to or contemporaneous with the execution of the written contract are inadmissible to contradict, change, or add to the terms plainly incorporated into and made a part of the written contract."

And they cite a long list of other cases upon this general proposition, but upon examination of the cases relied upon, the oral agreements sought to change, qualify or modify the written agreements and were inconsistent with and contradictory of the written agreement. The proposition presented here is entirely different. There was no reference to the $1,500 insurance already held by the plaintiffs, but they were to secure a policy for $800, and the written contract nowhere, at no time, and no place contemplated the pledging of the $1,500 policy already held by the plaintiffs. In our view of the case, it makes no difference when the policy was delivered. It was a separate and divisible contract and agreement as an additional pledge of security from that contained in the mortgage, and the oral contract in this case is not in conflict with the written agreement nor is it inconsistent with or contradictory of said agreement. The defendant, being versed in the insurance business and kowing that the consent of the insurance company should be had, and that a loss payable clause should be attached to the policy, under the evidence, agreed and assumed the obligation of securing said consent and securing said clause to be so attached, and the jury settled this proposition by its verdict and its verdict is reasonably sustained by the evidence in the case. The failure of the defendant to perform this obligation resulted in a total loss to the plaintiffs of the entire insurance on their home, located on the mortgaged property in the sum of $1,500. We are of the opinion that upon such state of facts the plaintiffs' petition stated a good cause of action and that the same was good against a demurrer, and that the defendant was not entitled to judgment upon his motion notwithstanding the verdict of the jury, and that both the demurrer and the motion were properly overruled by the court.

The contention that the verdict is contrary to the evidence and contrary to the law cannot be sustained, as the plaintiffs' evidence fully supports the allegations of the petition and the verdict of the jury, and their further contention that the plaintiffs were entitled to the full amount of the policy in the sum of $1,500 or were entitled to nothing and that the verdict for $750 is contrary to law is not tenable. It is our opinion that the defendant cannot be heard to complain because the jury in its verdict did not give the plaintiffs enough, but that the verdict was smaller than they were entitled to. This might be cause for complaint by the plaintiffs, but it is not available to and furnishes no grounds for reversal by the defendant.

We are of the opinion that the verdict of the jury and the judgment of the court are fully supported by the record in this case, and we are. therefore, of the opinion that the judgment of the lower court should be and is hereby affirmed.

By the Court: It is so ordered.

Note.—See under (1) 13 C. J. p. 562. (2) 33 C. J. p. 1182. (3) 4 C. J. pp. 853, 854. (4) 4 C. J. p. 922.