CAMPBELL v. ROGERS et al.

No. 19215. Opinion Filed Sept. 10, 1929.

Sands & Campbell and W. A. Chase, for plaintiff in error.

C. F. Gowdy, for defendants in error.

DIFFENDAFFER, C. The parties hereto are in the same relation as in the trial court, and will be so referred to herein.

Plaintiff commenced this action in the district court of Rogers county on the 28th day of September, 1926, to recover judgment upon a promissory note in the sum of $500, dated January 26, 1921, due October 1, 1921, and for foreclosure of a mortgage given to secure same.

The petition is in the usual form. Defendants answered by general denial and admission of the execution of the note and mortgage, and alleged no consideration for the note, and further alleged:

"The defendants further pleading state

that said note and mortgage was given to the plaintiff conditioned that the plaintiff furnish the defendants, Bud Rogers and Nannie Rogers, his wife, with a quit-claim deed signed by all the heirs of Dinah Rogers, deceased, who was the wife of Houston Rogers, deceased, to the following described real estate situated in Rogers county, Okla., to wit: S. W. ¼ of N. E. ¼ and W. ½ of S. E. ¼ of N. E. ¼ of section 11, township 23 and range 14; that the plaintiff had failed, neglected, and refused to so furnish said quitclaim deed, as aforesaid, and has in no way given these defendants any consideration for the note and mortgage herein sued upon, and said note and mortgage is a cloud upon the title of these defendants, and they are entitled to have said note and mortgage canceled, and their said title quieted."

By amendment the defendants pleaded the statute of limitation.

Plaintiff replied by amended and supplemental reply by general denial, and further alleged:

"As a further reply to said answer and amended answer of plaintiff, defendant alleges and states that a quitclaim deed was obtained from Nancy Johnson, one of the parties to the litigation, for the settlement of which the note and mortgage executed herein was given, and was forwarded to her attorneys of record, namely: Adams & Wills, attorneys at Claremore, Okla.; that prior thereto a quitclaim deed was obtained from Flora French, Sarah Whitmire, and Isabelle Vann, the other parties to said suit; that plaintiff believed said deed was forwarded as had been with the other deed above referred to, but that since the filing of the said amended answer of defendants herein, this plaintiff has made a very exhaustive search and has found said deed: that the same is attached to this amended reply and tendered herein and herewith to said defendants; that through oversight, the same was not delivered at the time the note was received; that although the plaintiff alleges that these deeds were not a condition precedent to the execution of said note and mortgage, that he agreed to obtain the same if possible, and they have been obtained, and that one of the same has heretofore been delivered and the other is tendered herewith.

"That the consideration for the execution of said note sued upon herein and the mortgage securing the same was the dismissal with prejudice of the case of Flora French et al. v. Bud Rogers et al., in the district court of Rogers county, Okla., the same being case No. 3962 therein; and that said Flora French, Sarah Whitmire, and Isabelle Vann and Nancy Johnson were plaintiffs in that cause claiming an interest in the lands involved therein; that said cause of action was compromised and settled upon the making and executing of the note and mortgage in question to A. B. Campbell as trustee for the plaintiffs in said cause, in which capacity he brings this action."

Upon the issue thus joined, the cause was tried to a jury resulting in a verdict and judgment for defendants, and plaintiff after unsuccessful motion for a new trial appeals.

There are eight assignments of error, but they are all presented under two propositions: (1) Defendant failed to prove their defense: and (2) the verdict is clearly against the instructions and contrary to the evidence.

In the circumstances, it is not for this court to determine where the weight of the evidence lies. Upon the first proposition, it is only necessary to determine whether or not there is any competent evidence in support of the verdict. Defendants and their witnesses testify, in substance, that the only consideration for the note and mortgage was that plaintiff should furnish them quitclaim deeds signed by all the heirs of Dinah Rogers, deceased, who was the wife of Houston Rogers, who was the father of defendant Bud Rogers. In this they are corroborated by the letter of transmittal accompanying the note and mortgage, which appears to have been signed by defendants at Talala, Okla., and mailed to plaintiff at Nowata, Okla. The letter was written by Richard L. Farrar, who defendant Bud Rogers testified was his agent in the premises. The letter is as follows:

"Talala, Okla.                Jan. 20, 1921.
"Mr. A. B. Campbell, Nowata, Okla.

"Dear Sir:

"According to instructions from Mr. John Q. Adams of Claremore, Okla., we herewith hand you mtg. and note of Bud Rogers and wife for the sum of $500, conditioned as follows: That you are to furnish Bud Rogers and wife with a quitclaim deed signed by all the heirs of Dinah Rogers, now deceased, who was the wife of Houston Rogers, now deceased, to the following described real estate situated in Rogers Co. Okla., towit: S. W. ¼ of N. E. ¼ & W. ½ of S. E. ¼ of N. E. ¼ of section 11, township 23, range 14."

Defendants testified that they never received the deed. It appears that the land above described was involved in certain litigation in which Bud Rogers was claiming title by reason of a deed from Houston Rogers, his father, given during the lifetime of the latter. The deed was not signed by Dinah Rogers, the wife of Houston Rogers,

and after her death her children set up claim of title to a one-third interest in the land, claiming that the land was the homestead of Houston and Dinah Rogers, and that the deed from Houston Rogers to Bud Rogers, was void. This suit was entitled Flora French et al. v. Bud Rogers. Flora French was one of the heirs of Dinah Rogers. The suit was dismissed with prejudice by plaintiff about January, 1921, shortly after the note and mortgage were executed.

John Q. Adams mentioned in the letter was the attorney representing Bud Rogers in that litigation. When he later removed to California, he turned his office files of the case over to one P. W. Holtzendorff, an attorney, who testified that he found in the file a quitclaim deed from Nancy Rogers, one of the heirs of Dinah Rogers, to Bud Rogers, covering her interest in the land, together with a letter appearing to have been written by plaintiff, A. B. Campbell, to Adams & Wills. This deed was dated November 4, 1921, and the letter which appears to have been sent with it states, in effect, that this is the deed from the last one of the heirs, and states that all other heirs had theretofore signed a deed which had been delivered to Adams & Wills. It developed, however, that this deed had never been delivered, but had been kept by Campbell in his office, he being under the impression that it had been delivered. In the letter Mr. Campbell states:

"This deed is in complete satisfaction of the case and completes all promises made by us."

It will thus be seen that there is evidence tending strongly to support the claim of defendants. There is much evidence tending strongly to support the claim of plaintiff that the note was, in fact, given in settlement of the former litigation, and that the consideration therefor was the interest of the heirs of Dinah Rogers in the land. It does not appear, however, just why the note and mortgage was given to plaintiff, Campbell, instead of to the heirs of Dinah Rogers. The suit is not brought upon the theory that they are the true owners of the note and mortgage and Campbell is their trustee in the matter. The suit appears to have been brought and prosecuted upon the theory that plaintiff was the owner and holder of the note, although the petition does not specifically so allege.

The issues as joined were submitted to the jury on conflicting evidence, and where this is true the verdict of the jury will not be disturbed on appeal. This is settled law in this state.

The other proposition is, that the verdict is against the instruction of the court.

The trial court defined the issues to the jury, as shown by the pleadings, and gave the following instruction:

No. 2. "You are further instructed that if you should find and believe from the evidence that the note and mortgage in question was executed and delivered upon the condition that the plaintiff would obtain quitclaim deeds from the heirs of Dinah Rogers, deceased, covering the land involved in this action, and that thereafter the plaintiff failed, neglected and refused to furnish the deed agreed upon, and that the said plaintiff did not give to the defendants any consideration for the note and mortgage sued upon, then your verdict should be for the defendants. If, however, you should find and believe from the evidence that the consideration for the note and mortgage was the dismissal of the case of Flora French et al. v. Bud Rogers et al., and that the said suit was dismissed with prejudice by the plaintiff, and judgment was rendered in favor of the defendants, then your verdict should be for the plaintiff in the sum of $700, with interest thereon at the rate of 8 per cent. per annum from the 1st day of October, 1926, together with the sum of $50 attorney's fee."

And by instruction No. 3, the jury was told:

"You are further instructed that the defendants have pleaded a failure of consideration for the execution of the note and mortgage. You are instructed that the burden of proof is upon the defendant to prove by a preponderance of the evidence the failure of consideration."

It will thus be seen that the court submitted the theory of both plaintiff and defendants, and explained that the burden was upon defendants to prove failure of consideration by a preponderance of the evidence.

We are unable to see wherein the verdict is contrary to the instructions of the court. It was for the jury to determine, under the evidence, conflicting as it was, which of the two theories was supported by the preponderance of the evidence. A verdict for either party in the circumstances could not be said to be contrary to the instructions.

There is some contention made that, as the evidence showed a delivery of a quitclaim deed from one of the heirs of Dinah Rogers, the failure of consideration was partial only and not total.

The theory of defendants, however, was that the delivery of the note and mortgage was upon the condition that quitclaim deeds from all the heirs should be furnished by Campbell. There was no attempt to show that the condition had been complied with for more than five years after the maturity of the note.

The judgment should be affirmed.

BENNETT, TEEHEE, LEACH, and HERR, Commissioners, concur.

By the Court: It is so ordered.