## BRISTOW v. BRISTOW.

No. 18520.    Opinion Filed Oct. 22, 1929.

Rehearing Denied Nov. 19, 1929.

George Trice, Denver N. Davison, and George N. Otey, for plaintiff in error.

Champion, Champion & Fischl, for defendant in error.

CULLISON, J. This case comes to this court on appeal from the district court of Carter county, Okla., wherein the plaintiff, Nellie Bristow, brought suit against the defendant, J. E. Bristow, for the recovery of the sum of, to wit, $3,372.50. The case was tried to a jury and resulted in a verdict and judgment in favor of the defendant. From an order overruling plaintiff's motion for new trial, plaintiff appeals to this court.

Plaintiff in error was plaintiff below and defendant in error, defendant below, and the parties will be hereinafter referred to as they appeared in the trial court.

For cause of action against the defendant, plaintiff alleged substantially as follows:

That in the year 1922, she, plaintiff, was the owner of a certain oil and gas lease in Carter county, Okla., and that plaintiff, through her husband and agent, F. E. Bristow, made a sale of said oil and gas lease for the sum of $7,500, and that plaintiff, through her agent and husband, F. E. Bristow, agreed to loan to defendant one-half of the profits which accrued to her by reason of the ownership and sale of said lease; that one-half the amount of the profits accruing to the plaintiff from the sale of said lease amounted to the sum of $3,372.50, and

that this sum was advanced to and loaned to the defendant in various amounts paid to defendant from time to time in the years 1922 and 1923. That the defendant thereby became bound and obligated to pay to the plaintiff said sum, together with interest at the rate of 6 per cent. from the 1st day of July, 1923, and that said sum was just, due, and unpaid; that there are no offsets, or credits thereon.

The defendant, J. E. Bristow, answered said petition of plaintiff, denying each and every material allegation therein contained, excepting such as are admitted in his answer.

Defendant in his answer specifically denied that plaintiff was ever the owner of, or had any interest in the oil and gas lease covering the lands described in plaintiff's petition, but alleged the true facts to be as follows:

"That said lease was the joint property of F. E. Bristow, husband of plaintiff, and this defendant (the said F. E. Bristow and this defendant being brothers), and that at the time of the purchase of said lease by said F. E. Bristow and this defendant they were engaged in the business of buying and selling oil and gas leases and producing oil and gas in various other enterprises as partners. That the said F. E. Bristow acted for said partnership in the purchase of said oil and gas lease, and that without knowledge and consent of this defendant he took the same in the name of the plaintiff, of which fact this defendant was not advised until long after the execution and delivery of said oil and gas lease, and that at the time this defendant learned that said oil and gas lease was taken in the name of the plaintiff he inquired of the said F. E. Bristow the reason therefor, and was advised that it was so taken as a matter of convenience, and that the plaintiff did not have any interest in said lease, and the defendant now alleges it to be the fact that the plaintiff never at any time contributed to the purchase price of said lease, and that she never acquired or had any interest therein or the proceeds thereof.

"That said lease was purchased for the sum of $400 and that the same was paid for by the said F. E. Bristow and that the same was purchased by the said F. E. Bristow for the use and benefit of said partnership, and that this defendant paid to the said F. E. Bristow one-half of the purchase price of said lease, together with some expenses incurred in securing the same. That said oil and gas lease was sold by said partnership for the sum of $7,500—$5,000 of which sum and amount was paid in cash, and the remaining $2,500 in oil; that this defendant paid his part of the expenses of said sale, including a lease broker's commission of 5

per cent. That on account of the fact that said lease stood of record in the name of the plaintiff the checks in payment of same and of the part thereof paid for in oil were made payable to her, and that she duly indorsed same and delivered them to the said F. E. Bristow, who divided the amounts thereof with this defendant in accordance with said partnership agreement, except the sum of approximately $800 derived from the sale of said oil and gas leases, one-half of which amount is still due this defendant, and that by reason of the matters and things aforesaid the plaintiff is not entitled to a recovery in this action as against this defendant. * * *"

The only question in this case is one of fact, namely:

(1) Was the lease in question the property of the plaintiff, or (2) Was the lease in question the property of the partnership composed of F. E. and J. E. Bristow?

To properly determine the one question in the case it becomes very necessary to first determine other and very essential propositions which have arisen in the trial of the case and upon which the sole question depends, namely:

(1) Did a partnership exist between F. E. Bristow, the husband of the plaintiff, and J. E. Bristow, herein, at the time when this lease was bought and sold?

(2) Was the lease bought by F. E. Bristow for the use and benefit of the partnership composed of F. E. and J. E. Bristow?

(3) Did the defendant, J. E. Bristow, pay one-half of the purchase price and one-half of the commission or expense of sale at the time said lease was bought and sold?

(4) Were the proceeds of the sale of said lease divided between F. E. and J. E. Bristow, who composed the partnership?

(5) Was one-half of the proceeds of the sale of the lease paid to defendant as a loan, or did the defendant receive the same as his proportionate part or interest in the lease?

The above and foregoing propositions constitute the essential facts in the case, all of which, in effect, were by the trial court submitted to the jury, and the jury found for the defendant.

Plaintiff contends:

"(1) The court erred in his instructions to the jury and in failing to give certain instructions requested by plaintiff.

"(2) The verdict is not supported by the evidence.

"(3) Misconduct of counsel during the trial of the case."

Plaintiff in her fourth assignment of error says:

"The court erred in his main charge to the jury, in that said charge did not correctly present the law applicable to the issues in said cause, and in that said charge was an incorrect statement of the law as applied to the facts and the pleadings in said cause."

That portion of the court's instruction of which plaintiff complains most is as follows:

"Gentlemen of the jury, in order to get before you both the contentions of the plaintiff and the contentions of the defendant the court has heretofore outlined to you in these instructions the pleadings of the plaintiff and the defendant in verbatim. The court instructs you that the contention of the plaintiff, stated in a concise manner, is simply this: The plaintiff contends that she loaned to the defendant $3,372.50 of her personal money that she had procured from the sale of an oil and gas lease, the one in question in this case, and that J. E. Bristow has neglected and refused and still neglects and refuses to pay her this sum of money which she alleges has been loaned to him.

"J. E. Bristow's contention is that he did not borrow any sum of money whatsoever from the plaintiff, but says that he did get $3,372.50 from the plaintiff, but that the same was his by virtue of the fact that the oil and gas lease in question in this case was bought by F. E. Bristow for the use and benefit of J. E. Bristow and F. E. Bristow, and that thereafter J. E. Bristow was entitled to receive this sum of money from the sale of said oil and gas lease, and it was not a loan, and he therefore denies that he is entitled to pay the plaintiff anything.

"Therefore, notwithstanding all the mass of testimony and various pleadings which have been introduced for your consideration, the above statements are in fact the issues which you are to try in this case.

"You are instructed the burden is placed upon Nellie Bristow, the plaintiff in this case, to prove to your satisfaction by a fair preponderance of the testimony, first, that she loaned to J. E. Bristow the sum of money, to wit, $3,372.50, and that this money was her own personal money, and that J. E. Bristow at this time owes her that money and has not paid her.

"On the other hand, if you should find from the testimony that the sums of money received by J. E. Bristow were sums of money resulting from the sale of an oil and gas lease which in fact belonged to J. E. Bristow and F. E. Bristow, and that he had not agreed to pay Nellie Bristow any sum whatsoever, and that he does not in fact at this time owe the said Nellie Bristow any sum whatsoever, it would be your duty to find for the defendant." (C.-M. 276-278.)

It will be observed in reading the first paragraph of the above instructions that the courts set out plainly and definitely the claim or contention of the plaintiff. In the second paragraph of the above instruction he likewise sets out very plainly the claim or contention of the defendant. He also informs the jury that the burden of proof is upon the plaintiff to prove to the satisfaction of the jury by a fair preponderance of the testimony that she loaned J. E. Bristow the sum of money, to wit, $3,372.50, and that this money was her own personal money, and that J. E. Bristow at this time owes her the money and has not paid her. The court just as clearly instructs the jury in the last paragraph: "On the other hand, if you should find from the testimony that the sums of money received by J. E. Bristow were sums of money resulting from the sale of an oil and gas lease which in fact belonged to J. E. Bristow and F. E. Bristow, and that he had not agreed to pay Nellie Bristow any sum whatsoever, and that he does not in fact at this time owe the said Nellie Bristow any sum whatsoever, it would be your duty to find for the defendant."

Plaintiff further contends that the court erred in refusing to give the second, third, and fourth instructions requested by her, which read as follows:

"Second Requested Instruction.

"That even though you should find that there was a partnership between F. E. Bristow and J. E. Bristow under the main instructions given herein, still, if you find from the evidence that Nellie Bristow, the plaintiff, was the owner of the oil and gas lease purchased for her by her husband, F. E. Bristow, and that the defendant received a portion of the sale price, the plaintiff would be entitled to a judgment in whatever sum you find to have been so received by him.

"Third Requested Instruction.

"That if you find that the oil and gas lease being considered was purchased by the husband of the plaintiff, either from the personal funds of the plaintiff, or from the joint funds of the plaintiff and her said husband, then said lease would be the property of the plaintiff and it would be your duty to find for the plaintiff and fix the amount of her recovery at a sum equal to the amount of the sale price of said lease which passed into the hands of the defendant.

"Fourth Requested Instruction.

"That if you believe from the evidence that the Daniels lease was purchased with money belonging either to F. E. Bristow or to the plaintiff and F. E. Bristow jointly and was taken in the name of Nellie Bristow as her property or was given to her by her husband, that then you will find that F. E. Bristow acted as the agent of Nellie Bristow in connection with the matters herein in controversy, and if you should further find that there was a partnership existing between F. E. Bristow and J. E. Bristow, and that F. E. Bristow turned over the money admitted by J. E. Bristow to have been received by him from the proceeds of the Nellie Bristow lease, then you will find that F. E. Bristow was acting for said partnership, but it will be your duty before you can find for the defendant that you must find that Nellie Bristow personally knew that said money was so turned over to J. E. Bristow as a partnership proposition and that she ratified the acts of said F. E. Bristow in so doing."

Upon a careful review and study of the instructions offered by plaintiff and refused by the court, it will be observed that said instructions do not fully present the law and the facts in the case to the jury. They wholly disregard the contention and claims of the defendant.

The law governing the rights and liabilities of the litigants in this case was correctly stated by the trial court in his instructions set out above, and is so fundamental we deem any further discussion of the same unnecessary.

Plaintiff further contends and asks this court in this appeal to hold that the question of a resulting trust was involved in this case and that the court erred in not submitting such question to the jury. It will be observed that plaintiff brought her action to recover upon a contract for money loaned. The defendant in his answer denies that he ever at any time borrowed money of the plaintiff. We hold that the rules of law governing resulting trusts cannot be properly applied under the facts and circumstances in the instant case.

The plaintiff also complains that during the progress of the trial of this case a controversy arose between counsel for the defendant and the trial court, and that said controversy was prejudicial to the interests of the plaintiff, and is ground for reversible error.

We freely admit the record discloses that heated controversies arose numerous times between counsel and court during the trial of the case. This court, having read the controversy complained of between court and counsel, is of the opinion the effect of said controversy upon the jury was more favorable to plaintiff than to the defendant, if any at all.

But this court will not base its findings or judgments upon any colloquy between court and counsel unless it clearly appears such conduct had a prejudicial effect upon the jury.

"Observations of the court to counsel in the hearing of the jury during the progress of the trial, though open to criticism, if of but small importance * * * will not * * * warrant a reversal, where the jury were properly instructed that they were the sole judges of the evidence." City of Guthrie v. Carey, 15 Okla. 276, 81 Pac. 431; First Nat. Bk. v. Yoeman, 17 Okla. 613, 90 Pac. 412.

This court has uniformly held that a case will not be reversed because of misconduct of counsel unless such misconduct results prejudicially to the complaining party. See Producers & Refiners Corp. v. Castile, 89 Okla. 261, 214 Pac. 121; Knights & Ladies of Security v. Bell, 93 Okla. 272, 220 Pac. 594; Tankersley v. Webster, 116 Okla. 208, 243 Pac. 745.

Plaintiff further contends that the verdict in the instant case is not supported by the evidence.

It is a well-settled rule of law in this state that:

"In a civil action, triable to the jury, where there is competent evidence reasonably tending to support the verdict of the jury, and no prejudicial errors of law are shown in the instructions of the court or its ruling on law questions presented during the trial, the verdict and finding of the jury will not be disturbed on appeal." See Norris v. Hibler, 83 Okla. 197, 201 Pac. 495 (1921); Hughes v. Senter, 88 Okla. 191, 212 Pac. 311 (1922); Jeffries v. Colton, 92 Okla. 270, 219 Pac. 97 (1923); Reeves v. Sifford, 99 Okla. 303, 227 Pac. 872 (1924); Mitchell v. Milner, 111 Okla. 70, 238 Pac. 210 (1925).

After a careful reading of the entire record in this case, we are of opinion that the evidence reasonably tends to support the verdict, and therefore hold that the same will not be disturbed by this court.

Finding no error on the part of the trial court in instructing the jury as to the law of the case and in refusing to give the instructions requested by plaintiff, and that the misconduct of counsel complained of by plaintiff did not result prejudicially to plaintiff's rights, and in view of the fact that

the jury found for the defendant, in effect, on every question of fact and proposition raised, which finding is reasonably supported by the evidence in this case, we, therefore, hold that the judgment of the trial court should be, and the same is, by this court affirmed.

All the Justices concur.