**TAHONA SMOKELESS COAL CO. v. STATE INDUSTRIAL COMMISSION et al.**

No. 19465. Opinion Filed Jan. 21, 1930.

White & White, for petitioner.

J. Berry King, Atty. Gen., and Robert E. Crowe, Asst. Atty. Gen., for respondents.

PER CURIAM. The Tahona Smokeless Coal Company brings this action to reverse an award of the State Industrial Commission entered on May 19, 1928, wherein the State Industrial Commission awarded compensation to the respondent, C. W. Stapleton, in the sum of $354, and directed the payment thereof by Frank Clinch, Frank Mosner, or the Tahona Smokeless Coal Company. Before the Industrial Commission C. W. Stapleton was the claimant and the Tahona Smokeless Coal Company was the sole respondent. The Tahona Smokeless Coal Company in this court alleges error of the Industrial Commission in that the award is contrary to the law and without evidence to support it. The Industrial Commission made a finding of fact that the Tahona Smokeless Coal Company was, on the date of the injury to the claimant, Stapleton, engaged in mining coal; that on that date Frank Clinch and Frank Mosner were engaged in the production of coal for the Tahona Smokeless Coal Company as independent contractors and employed the claimant, Stapleton, but had failed to secure the payment of compensation for the employees as required by the Workmen's Compensation Law of this state (Comp. St. 1921, secs. 7282-7340, as amended) and that the respondent, Tahona Smokeless Coal Company, had failed to require of them a compliance with the law in this respect. On August 1, 1927, the claimant, Stapleton, sustained personal injury arising out of and in the course of his employment with the respondent and was temporarily totally disabled to December 22, 1927. The Industrial Commission concluded that as a matter of law the claimant was entitled to compensation at the rate of $18 per week from August 6, 1927, to December 22, 1927, and that Frank Clinch and Frank Mosner were primarily liable for the payment of compensation due claimant and that the Tahona

Smokeless Coal Company was secondarily liable, and made the award appealed from in accordance therewith. Frank Clinch and Frank Mosner were not parties to the proceedings before the Industrial Commission and the record presented to this court does not disclose any notice whatever to them, nor were they present at the hearing.

The petitioners herein in their brief say it is their purpose to assume that there was some evidence submitted tending to show that Clinch and Mosner were independent contractors of the Tahona Smokeless Coal Company and had not been required to comply with the Workmen's Compensation Law in securing payment of compensation. It further asserts that the proceedings were against the petitioner herein, the Tahona Smokeless Coal Company, alone and that Clinch and Mosner were not parties to the proceedings; were without notice thereof and did not appear at the hearing, and that by reason thereof the award made by the Industrial Commission is void as to Clinch and Mosner, and, being void as to them, cannot be sustained as to the petitioner herein.

The Attorney General, for the respondents in this court, has confessed the alleged error in the finding of fact that Clinch and Mosner were independent contractors for the reason the record discloses no evidence whatever on which to base such a finding. We have examined the record and agree with the Attorney General that there is no evidence in the record to support the finding of fact that Clinch and Mosner were independent contractors, but we are of the opinion that the error complained of is an error in favor of the petitioner and not one of which it can consistently complain. Simon v. Harbour et ux., 116 Okla. 233, 243 Pac. 510; Grosshart et al. v. Shaffer, 52 Okla. 204, 152 Pac. 441. The claimant testified before the Industrial Commission that he was employed on August 1, 1927, the date of the injury, by the Tahona Smokeless Coal Company and that he was paid through the coal company. This testimony is uncontradicted and is all the evidence presented on that phase of the case. The Tahona Smokeless Coal Company was the respondent before the Commission, was represented by attorneys at the hearing resulting in the award, and an award holding it primarily liable would have been proper. We are therefore unable to see where the respondent is injured by the award holding it secondarily liable. The error complained of is therefore harmless in so far as the petitioner is concerned, and the petition to review the award is denied.

Note.—See Workmen's Compensation Acts —C. J. § 114, p. 115, n. 37.