## COLBY v. DANIELS.

No. 20082. Opinion Filed June 16, 1931.

Rehearing Denied July 28, 1931.

Blanton, Osborn & Curtis, for plaintiff in error.

Glasco & Glasco, for defendant in error.

CLARK, V. C. J. This action was commenced in the district court of McClain county, by B. F. Daniels, defendant in error herein, against L. O. Colby, plaintiff in error, for actual and exemplary or punitive damages.

The parties will be referred to herein as they appeared in the court below.

The petition of plaintiff, B. F. Daniels, alleged, in substance, that he rented, by written contract, certain lands described in the petition from defendant through her agent, a part of which was to be planted in broom corn. That defendant's agent fraudulently and falsely represented to plaintiff that the customary rent for tenant to pay was one-third of the broom corn, tenant to furnish the shed and slats. That plaintiff was inexperienced in growing broom corn and had no knowledge what was the customary rent therefor. That the customary rental was one-fourth where landlord furnished shed and slats, and one-fifth where tenant furnished shed and slats, which was well known to defendant's agent. That defendant's agent was her husband. That plaintiff planted the broom corn and furnished his own shed and slats. That he did not learn what the customary rent was until he had harvested the broom corn. That he harvested 8,940 lbs. Plaintiff agreed to sell his part to defendant through her agent at $180 per ton; received check for $180 down. That he delivered the same to destination agreed upon to defendant, demanding his pay; that defendant and her agent refused further pay, and falsely and fraudulently stated to plaintiff the agreement was that he was to receive only $180 for all of said broom corn. That defendant falsely and fraudulently entered into the contract of purchase of same to swindle plaintiff out of his entire crop for $180; and the false and fraudulent promise to pay $180 per ton for same was for the purpose of getting possession of said property and defraud plaintiff. That defendant was guilty of fraud, malice, and oppression in the transaction. Prayed for judgment for actual damages and for exemplary or punitive damages.

Motion to strike clause for exemplary or punitive damages was overruled.

Defendant answered by way of general denial; admitted the execution of the lease; admitted plaintiff harvested the crop; admitted she purchased it, and alleged she agreed to give the sum of $180 therefor,

and said sum was paid; that the broom corn was delivered.

Judgment was entered for plaintiff for actual and exemplary damages. Appealed to this court, and reversed with directions for a new trial, for the reason the exemplary damages was unauthorized under the issues submitted to the jury in the instructions. The question of fraud in the making of the oral contract of purchase of the crops was not submitted to the jury, but the court below submitted the question of fraud only in the making of the rental contract. See Colby v. Daniels, 125 Okla. 202, 257 Pac. 298.

The cause was retried. Judgment for plaintiff. Motion for new trial overruled; exception saved, and the defendant again brings the cause here for review.

Assignments of error Nos. 1, 2, 3, 5, 6, 7, 9, 10, 24, and 25 are presented together by plaintiff in error, and, as contended by plaintiff in error, raise but one proposition, and that is, that all questions raised on the pleadings and evidence were determined on the former appeal, and that there remains nothing to be tried by the trial court on the return of the mandate, but that it was its duty to enter judgment in favor of the plaintiff and against the defendant on the mandate for the sum found due on the former trial.

This contention is without merit. The cause was reversed and remanded with directions for a new trial. It stood for trial as originally, governed by the settled law as laid down in the decision of this court.

Assignments of error Nos. 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 22, and 23 of plaintiff in error are with reference to instructions given by the court to the jury. These contentions of plaintiff in error are without merit.

From review of the pleadings in the cause, and the theory presented by plaintiff and defendant thereby, together with the evidence submitted at the trial, we hold that the court in its instructions fairly and substantially stated the issues and the law in the case.

The contention of plaintiff in error is that the defendant in error should have by way of cross-appeal complained of the erroneous instructions of the trial court in the former trial, and by not doing so he was bound by the former decision with reference to the theory presented to the jury by the instructions of the court in the former trial. This contention is without merit. He was satisfied with the verdict, even if secured on the erroneous theory presented by the court's instruction. He could not be heard to complain.

In the case of Null v. Board of Com'rs, 98 Okla. 16, 224 Pac. 159, fourth paragraph of syllabus, this court said:

"Where the court rendered judgment in favor of the plaintiff on an issue not in the pleadings, the plaintiff cannot be heard to complain."

And in the case of Simmons v. Harber, 116 Okla. 233, 243 Pac. 510, fourth paragraph of the syllabus, this court said:

"As a general rule, a defendant cannot be heard to complain that the jury, in the trial of the cause, returned a verdict for plaintiff for less than he was entitled to under his pleading and evidence."

On a retrial of the cause the plaintiff was entitled to have the cause submitted to the jury on the plaintiff's theory as shown by the pleadings, regardless of the wrongful theory thereof presented by the court in its instructions in the former trial. This cause was reversed for retrial and it was the duty of the court to instruct the jury as to the issues involved and the law applicable thereto.

The jury, in the former trial, under the instructions of the court, had before it the question of fraud only in connection with the making of the rental contract; and not in connection with the making of the verbal contract for the sale of the crop. In the case at bar the court submitted the question of fraud in reference to making of each of the contracts, and instructed the jury with reference to the fraud in the sale of the broom corn as follows:

"If you find from a preponderance of the evidence that the defendant promised to pay the plaintiff the sum of $180 per ton for his broom corn, and that said promise was made with the intention not to perform it and for the purpose of deceiving the plaintiff and inducing him to deliver his broom corn to the defendants, and that by reason thereof he did deliver his broom corn to the defendant, and that the defendant or her agent, by his acts and conduct, was guilty of oppression, fraud, or malice, the jury may give, in addition to actual damages, exemplary or punitive damages; that is, damages for the sake of example and by way of punishing the defendant, the amount of such exemplary or punitive damages not to exceed the sum of $1,000."

Plaintiff in error contends that under this instruction the motive actuating the agent was imputed to defendant, and she was made responsible for the motive of her agent.

The plaintiff in error did not submit to

the trial court a requested instruction embodying their theory on this question; nor on the other questions complained of in the instructions; and in the case of Miller v. Tennis, 140 Okla. 185, 282 Pac. 345, third paragraph of syllabus, this court said:

"It is the duty of counsel to aid the court in the function of instructing the jury. The purpose of permitting requests to charge is that the jury may be fully informed as to all the law governing the case, and the trial court enabled to correct at once any mistakes that may have been made in instructing them, and where the charge of the court does not cover all phases of the case, counsel is bound to call its attention to the omission by an appropriate request, or be precluded from making such failure available as reversible error."

With reference to allowing of exemplary or punitive damages against a principal, this court said in the case of Aaronson v. Peyton, 110 Okla. 114, 236 Pac. 586, third paragraph of the syllabus:

"Exemplary, punitive, or vindictive damages are not to be allowed as against the principal, unless the principal participated in the wrongful act of the agent, expressly or impliedly, by his conduct authorizing it, or approving it, either before or after it was committed."

In the case at bar the evidence showed that the agent was the husband of the principal, and that the rental contract for the land was made with the said agent of the principal, L. O. Colby. That the agent represented that one-third yield of the broom corn crop was customary rental. Plaintiff testified that he learned what the customary rental was after he had planted a crop, and that it was one-fourth. That both principal and agent were present when the defendant purchased plaintiff's broom corn for $180 per ton. When plaintiff delivered the broom corn, the principal (L. O. Colby) instructed plaintiff about weighing and loading the corn. That during the unloading of the corn the agent, husband of the principal, came up and plaintiff advised him of the conversation had with the principal about weighing and loading the corn. That after the corn was loaded in the car, plaintiff demanded settlement and the agent, husband of the principal, refused further payment than $180 for the whole of the corn and just laughed it off. That plaintiff came back the second time for settlement and the agent told him that he had paid him all, and just laughed it off. as he had before. Testimony further disclosed that principal (L. O. Colby) was present when plaintiff was demanding settlement on the basis of $180 per ton and was present when the agent advised plaintiff that he had given him his check for $180 to cover his part of the corn. That the principal (L. O. Colby) was present when the conversation occurred in regard to the purchase of the broom corn. The plaintiff in error admitted in her brief that the principal (L. O. Colby) was present at least for a little while when plaintiff and the agent were attempting to make settlement. A review of the entire evidence shows that the principal participated in the wrongful act of the agent, expressly or impliedly by her conduct, authorizing it or approving it.

The plaintiff in error, defendant below, did not introduce any evidence.

The jury found against the defendant, and fixed the amount of actual damages at $536.46 with interest, while the defendant contended by her answer that she only owed plaintiff $180; and the jury also fixed exemplary damages in the sum of $250.

In the case of Campbell v. Rogers, 138 Okla. 50, 280 Pac. 407, this court said, first paragraph of syllabus:

"On appeal in a law action, the Supreme Court will not consider and weigh conflicting evidence, and where there is any competent evidence reasonably tending to support the verdict of the jury, the same will not be disturbed."

And in the case of Bristow v. Bristow, 140 Okla. 8, 282 Pac. 154, second paragraph of syllabus, this court said:

"In a civil action, triable to the jury, where there is competent evidence reasonably tending to support the verdict of the jury, and no prejudicial errors of law are shown in the instructions of the court or its ruling on law questions presented during the trial, the verdict and finding of the jury will not be disturbed on appeal."

After a review of the entire record in this case, finding no prejudicial error on the part of the trial court in the admission of evidence, and in instructing the jury as to the law of the case, and finding that the verdict was supported by competent evidence, we, therefore, hold that the judgment of the trial court should be, and the same is, by this court affirmed.

LESTER, C. J., and RILEY, CULLISON, SWINDALL, and McNEILL, JJ., concur. KORNEGAY, J., dissents. HEFNER and ANDREWS, JJ., absent.

Note.—See under (3) 2 R. C. L. p. 194; R. C. L. Perm. Supp. p. 367; R. C. L. Continuing Perm. Supp. p. 37.