## MAXWELL v. YANCY et al.

No. 23509. Jan. 16, 1934.

H. L. Smith, for plaintiff in error.

Roy F. Ford, Donald L. Brown, and E. M. Calkin, for defendants in error.

BUSBY, J. This case involves an attorney's fee in the sum of $4,000 awarded by a jury in the trial court. For convenience the parties will be referred to as they appeared in that court.

During the month of December, 1929, G. C. Spillers, who later became a member of the firm of Yancy, Spillers & Fist, lawyers, was employed by J. H. Maxwell to represent him in adjusting a claim against the city of Tulsa. The claim was first filed for $206,000. After hearings before the board of adjustment and city commissioners, at which Maxwell was represented by the firm of lawyers above mentioned, an award of $65,000 was made to and accepted by Maxwell. There had been no agreement as to fees to be charged. Maxwell testified that during the period of employment Spillers was evasive as to the amount to be charged, but said it would be not less than $1,000 nor more than $5,000; also that there would be no misunderstanding about it. After the award, however, there was a misunderstanding and efforts were made to arbitrate. Two of the three members of a board of arbitration chosen by the parties fixed the fee to

be recovered at $5,000. Maxwell refused to abide by this on the grounds that it was not the unanimous decision of the board. Another effort at arbitration failed. Plaintiffs then sued defendant for $16,200, alleging that sum to be reasonable compensation for the services rendered. At the trial both plaintiffs and defendant propounded their hypothetical questions to a number of practicing attorneys, which questions purported to set out the facts in the case with reference to the nature of Maxwell's claim against the city, the amount involved, the work done by the attorneys, and the result of their efforts. At the close of the trial and after proper instructions by the court, the jury returned a verdict for $4,000 in favor of plaintiffs, from which the defendant has appealed.

Twenty-two specifications of error are assigned as reasons for reversing the trial court. In substance, these relate to evidence rejected or admitted over objections, propriety of arguments to the jury made by defendant's attorney or arguments refused to be permitted on the part of the defendant's attorney, after objection, and because of colloquies between defense counsel and the trial judge; or because of actions of the trial judge in interfering with defendant's counsel, H. L. Smith, in the presentation of his defense.

Defendant has thoroughly briefed the alleged errors. From an examination of the record and briefs, however, we cannot say that the defendant suffered any from the failure of his attorney to get before the jury all evidence which was competent and material to his defense, or that he was improperly hampered or restricted in his argument to the jury. Indeed, the record is replete with evidence of constant and abundant activity on the part of defendant's counsel, who ably represented his client with unflagging zeal throughout the entire trial. It is not unusual in the trial of a hotly contested and hard fought case for a trial judge to have colloquies with an attorney, imbued with the zeal, energy, ability, partisanship, and fighting spirit shown by defendant's attorney. This court will not reverse a case because of such colloquies between court and counsel in the presence of the jury when the jury is properly instructed that they are the sole judges of the evidence, unless it clearly appears that such conduct has a prejudicial effect upon the jury. The trial judge in no instance indicated his opinion of the credibility of any of the witnesses who testified or of the

merits of the case. He was patient and showed no partiality during the trial. As was said in the case of First National Bank of Enid v. Yoeman, 17 Okla. 613, 90 P. 412:

"Observations of the court to counsel in the hearing of the jury, during the progress of the trial, though open to criticism, if of but slight importance, and only possibly, not probably, injurious, will not be sufficient to warrant a reversal, where the jury are properly instructed that they are the sole judges of the evidence."

The remaining question is whether or not the evidence sustains the verdict of the jury. There was no contract between plaintiff and defendant as to the amount of fee plaintiff would charge for legal services. Plaintiff was entitled to a reasonable sum for the services rendered.

A distinguished array of Oklahoma lawyers testified as to what, in their respective opinions, this should be. For the plaintiffs the following witnesses were offered: G. C. Spillers, C. L. Yancy, Eldon J. Dick, J. A. Duff, Saul A. Yager, Conn Linn, H. F. Fulling, C. H. Rosenstein, R. M. Cohen, N. A. Gibson, H. O. Bland, J. H. Maxey, Guy Wilson, M. A. Breckinridge, L. M. Poe, and A. J. Biddison. They fixed a reasonable recovery in sums ranging from $5,000 minimum to $10,000 maximum.

For the defendant the following witnesses were offered: Hunter L. Johnson, C. R. Nixon, R. W. Stoutz, Harry C. Fair, Everett Petry, Floyd Staley, and T. L. Brown. These fixed plaintiffs' recovery in sums ranging from $1,000 minimum to $3,500 maximum.

It will be noted that plaintiffs sued for $16,200. The verdict was for $4,000. In view of the conflicting evidence it is obvious that defendant did not suffer from any alleged prejudicial actions or rulings on the part of the trial court. The jury's verdict is reasonably supported by the evidence, and finding no other errors, the judgment of the trial court is in all things affirmed.

RILEY, C. J., CULLISON, V. C. J., and McNEILL and OSBORN, JJ., concur.