## ANTRIM LUMBER CO. v. NEAL et al.

No. 22892. April 9, 1935.

Rehearing Denied May 21, 1935.

McKeever, Elam, Stewart & McKeever, for plaintiff in error.

Massingale, Duff & Bailey, for defendants in error.

PER CURIAM. This is an action brought by plaintiff in error, plaintiff below, against the defendants in error, defendants below, to recover a money judgment against defendant H. Dykes, and to impress a materialman's lien upon lot 8 and the north 15 feet of lot 9, block 19, in the city of New Cordell, owned by defendant A. S. Neal.

It appears from the record that the defendant Neal contracted with the defendant Dykes for the erection of a building upon these lots; that the plaintiff furnished material for the building and is what is termed a subcontractor. Upon the completion of the building a loan was obtained by defendant Neal from the Clinton Building & Loan

Association to finish paying for the building. Cris. C. Copeland, acting for the loan company, and also acting for defendant Neal, requested from plaintiff a statement of the amount which it claimed was still owing upon this job. This statement was furnished to the loan company, plaintiff claiming a balance due of $1,683.75, and upon the payment of this sum by the loan association, plaintiff issued the following statement, designated as a final settlement statement:

"To Whom It May Concern:

"We, the undersigned, Antrim Lumber Company, having furnished materials or service, either or both, in connection with the building of the A. S. Neal, brick dwelling for _____ __located at _____ on lot eight and north 15 feet of lot nine, block nineteen _____ in the city of New Cordell, in Washita county, Oklahoma do hereby acknowledge that all claims of every kind, due us in connection with the building of said structure, are paid in full, and that we hold no claim of any kind that is or might become a lien against said property.

"Dated at Cordell, Oklahoma, this 31 day of May, 1929.

"Antrim Lumber Company,
"By L. O. Wilks, Agent."

It is noticeable that this statement is directed "to whom it may concern."

Relying upon this statement, defendant Neal paid the contractor, Dykes, the balance due him of $1,416.83 and about $700 in other bills and claims and settled in full with the defendant Dykes.

The plaintiff denies that Wilks signed this waiver, and also claims that if the waiver was signed it was so signed under a mistake of facts, and that defendant Dykes still owed the sum of $2,000. The issue as to whether there was anything yet due plaintiff from defendant Dykes was submitted to the jury which found in favor of the defendant Dykes. A special question was submitted to the jury as to whether Wilks signed the statement, and the jury in answer to the special question found that Wilks did sign the statement. The authority of Wilks to sign the statement was not questioned by plaintiff.

Plaintiff in error in its brief urges only its first and fourth assignments of error, which are referred to as proposition 1 and proposition 2, respectively.

Under proposition No. 1, the plaintiff contends that the court erred in admitting and

receiving incompetent, irrelevant, immaterial and improper evidence prejudicial to the plaintiff, and insists that the sole question for the trial court to determine was whether or not the defendant Dykes was indebted to the plaintiff, and that the admission of evidence as to the settlement statement and whether defendant Neal acted upon same was prejudicial error.

In view of the fact that plaintiff saw fit to join both defendants in the same action, and was not only demanding a personal judgment against defendant Dykes, but was also attempting to impress a materialman's lien upon the lands of defendant Neal, this evidence was proper, and plaintiff cannot now be heard to complain of the admission of such evidence.

While the testimony of Dykes is not wholly clear, yet Dykes is supported by the settlement statement and by the evidence of defendant Neal and the witness Copeland that plaintiff had stated to them that defendant Dykes had settled in full. On the other hand, the testimony of witness Wilks, upon which the plaintiff relied solely to prove its case, was also very unsatisfactory, and the jury evidently gave more weight to the evidence of defendant than to that of the plaintiff.

1. It is a well-established rule in this court that in a civil action, triable to the jury, where there is competent evidence reasonably tending to support the verdict of the jury, and no prejudicial errors of law are shown in the instructions of the court or its rulings on law questions presented during the trial, the verdict and finding of the jury will not be disturbed on appeal. Bristow v. Bristow, 140 Okla. 8, 282 P. 154.

The plaintiff in this action was not only attempting to obtain a judgment against the defendant Dykes, but was also trying to sustain its claim for lien against the property of defendant Neal.

2. The owner of real estate may accept, rely upon, and enforce an unconditional waiver of lien, voluntarily executed by another who furnished materials for the construction of improvements on the same premises, where such owner, in good faith, relying upon such waiver, has paid the contract price in full. Kiowa Lumber Co. v. Oklahoma City Building & Loan Association et al., 168 Okla. 540, 34 P. (2d) 592.

By the pleadings the evidence complained of became material, and there was no error in receiving same.

These findings also dispose of proposition No. 2 for the reason that there being no prejudicial error in the trial of the cause and its submission to the jury, and there being sufficient evidence to support the verdict, the trial court properly overruled the motion for a new trial.

Finding no prejudicial error in the record, the judgment of the trial court is affirmed.

The Supreme Court acknowledges the aid of Attorneys R. M. Chase, C. H. Mauntel, and E. W. Snoddy in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Chase, and approved by Mr. Mauntel and Mr. Snoddy, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, WELCH, and CORN, JJ., concur.